No. 14,013.

CALDWELL *v*. MULLIN.
(71 P. [2d] 415)

Decided June 28, 1937. Opinion modified and rehearing denied
September 13, 1937.
Opinion extended October 25, 1937.

Messrs. BARTELS, BLOOD & BANCROFT, Mr. ARTHUR H. LAWS, for plaintiff in error.

Messrs. YEAMAN, GOVE & HUFFMAN, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION to rescind contract for support, and to compel

reconveyance of property. Judgment of the trial court was in favor of Mullin, defendant in error, and his daughter, plaintiff in error, complains here.

It appears that on or about July 31, 1931, the father transferred and conveyed to his daughter, his only living child, certain real estate and personal property. The real estate consisted of a residence property in Denver, which was then being, and for a long time prior thereto had been, occupied by the parties as a family home at 2449 Race street; and a dry-land farm in Arapahoe county, consisting of 160 acres. The personal property consisted of shares of stock and moneys in bank. The total value of all the property was approximately $11,000.

As consideration for the transfer, the complaint alleges that the daughter agreed that she would reconvey and redeliver to the plaintiff, at any time he so wished, all or any part of said real and personal property; that she would make reasonable provision for his support while she retained said property; and that at all times she would care for him with filial regard, live with him, nurse him in case of illness, and treat him generally with the love and affection of a daughter for a parent.

All seemed to go well under this arrangement until in January, 1934, when she married. Subsequently, she and her husband lived at the Race street residence until about December 1, 1934, when the father asked for a reconveyance of the property, which was refused. The daughter, meanwhile, had become pregnant, and because of such condition was no doubt irritable and more or less difficult to get along with, which said condition necessarily irritated the father, and this strained relationship increased in intensity, until at the suggestion of the husband they left the Race street home.

Following her refusal to reconvey, the father brought this action on January 28, 1935. The trial court, in trying to work out an amicable adjustment between the parties, continued the cause on several occasions, and, from continuance to continuance, ordered the daughter

to pay the father $75 a month for his proper support and maintenance.

The many assignments of error are comprehended in the question, whether the judgment was justified. We think it was. The father had reached an age of sixty-one years. His wife who had been his life companion, and his son who was ill a long time following a mastoid operation, had died just a short time prior to the date of the property arrangement. He was very badly in need of continued companionship, love, and affection. The daughter admits that everything was serene until she married. It is just to observe that the record absolves the husband from criticism; and the consequent developments, unhappy though they were, are not chargeable to him. The father had spent a lifetime accumulating the little fortune, and was entitled to have it used for his comfort, peace, and security. The plan formulated by the father and daughter failed of that purpose.

There was no conflict in the evidence on the transfer of the property, although there was on the matter of the promise to reconvey, which point was resolved by the trial court in favor of the daughter, but the majority rule of law seems to be that a specific promise to reconvey in cases of this kind is not required where the consideration fails, which it did here.

On the matter of contract to support, see *Carroll v. Coombs*, 91 Colo. 73, 11 P. (2d) 808, and the cases there cited.

Let the judgment of the trial court be affirmed, without prejudice, however, to the right of the trial court to make an accounting between the parties, if such has not been done.