No. 15,236.

McGUIRE ET AL. *v.* CROCKETT
(151 P. [2d] 326)

Decided August 21, 1944.

Mr. Bryan L. Whitehead, for plaintiffs in error.

Mr. Edward L. Wood, Mr. Arthur A. Brooks, Jr., for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Rosa Crockett, defendant in error, brought this action below against her daughter, Alberta McGuire, and her former husband, Albert G. McGuire, plaintiffs in error, defendants below, to recover $1,547.60 held in a joint savings account, and to have cancelled and set aside a deed, which she, Mrs. Crockett, had allegedly given to said daughter. The trial court, sitting without a jury, decided in favor of Mrs. Crockett, and the plaintiffs in error seek reversal on application for supersedeas. Parties will be referred to as below.

As already noted, Mrs. Crockett was formerly the wife of Albert J. McGuire, and Alberta was an adult daughter of said marriage. The McGuires were divorced October 29, 1938. Alberta continued to make her home with her mother at 2016 South Franklin street in Denver from that date until January 13, 1942, when she left to live with her father. Plaintiff had furnished most of the funds with which the Franklin street property

had been purchased. Several months prior to the issuance of the final decree in the divorce action, plaintiff deposited $1,514.98 in the savings department of the International Trust Company, which amount she had received as the sole beneficiary of a life insurance contract on the life of her deceased daughter Myra. March 7, 1941, plaintiff married one James Crockett and thereafter she and Crockett and Alberta made their home together in apparent harmony, Alberta assisting her mother in the housework in return for her being provided with a home. May 15, 1941, the savings account was placed in the joint names of plaintiff and her daughter, allegedly for the sole purpose of providing for the daughter in case of plaintiff's death. November 7, 1941, shortly before starting on a trip to Florida, plaintiff also made out a deed to the Franklin street property in favor of the daughter as a joint tenant. The deed was recorded but possession thereof remained with plaintiff. Consideration recited was $1.00 and love and affection. About January 13th, 1942, following a minor dispute concerning her refusal to turn out a light in her bedroom, Alberta left the home of her mother and went to live with her father. A day or two later the defendants called at the Franklin street address in the absence of plaintiff and packed and removed the daughter's belongings. They also took the passbook to the above-mentioned savings account from plaintiff's bedroom and immediately thereafter presented it to the bank, withdrawing the entire amount of $1,547.60 from the savings account, and redepositing it in Alberta's name. The money was later withdrawn and $247.60 of the same was held out for attorney's fees in anticipation of litigation and $1,300 was deposited in the name of Albert J. McGuire. Upon discovery of the withdrawal of the money from the savings account plaintiff brought this suit in equity, seeking under separate causes of action to recover the money and cancel the deed.

The nine specification of points may be comprehended

in the propositions: 1. Whether the complaint states a cause of action (a) against Alberta for both the money and the real property; (b) against McGuire for a money judgment. 2. Sufficiency of the evidence.

█ 1. While the complaint is not as specific as it might be in urging the grounds for the relief sought, we think it sufficient to withstand the motion to dismiss. The allegations, if supported by competent proof, were enough to justify a court of equity in hearing the issues.

██ We think the real issue in this case is whether plaintiff made a present gift of the property to the daughter. Counsel agree that the test to be applied in the matter is the intention of the donor. See Note, 103 A.L.R. 1124. A reading of the record in this case convinces us that it was plaintiff's intention that the gift was contingent upon the daughter remaining with her and helping her maintain the home. In regard to joint deposits, the principal indicia of intent is the actual or constructive delivery of the passbook, and while the daughter may still have had freedom of entry to the home of her mother, the circumstances under which she and her father obtained possession of the passbook cannot be considered even constructive delivery, and Alberta admitted the change in the account was not intended as a gift. The same rule applies as to the execution of the deed, possibly with more vigor as to proof, because of the higher sanctity of an acknowledged instrument, but even so, the execution and recording merely raise a presumption of delivery. 16 Am. Jur. 513, 514, §135. While it is true that the deed was returned to the lawyer who drew it, he was the agent of the grantor, and its delivery was contingent upon the death of the plaintiff. The deed was executed as a precaution in case of accident while on the trip to Florida, and plaintiff did not relinquish control of the deed at any time.

█ That there was no binding delivery to the daughter, see *McGowan v. Lockwood,* 65 Colo. 264, 176 Pac.

298. As to the consideration of $1.00 and love and affection, the evidence shows that the dollar was never paid, and while the trial court made no specific finding as to the continuation of the love and affection, we think as consideration for the conveyance it failed when she left the home. *Caldwell v. Mullin,* 101 Colo. 113, 71 P. (2d) 415.

We can see no injustice in granting the money judgment against McGuire. He had no moral or legal claim on this money, and the effect of the judgment is simply to restore the bank account to the plaintiff. The claim by his counsel that he was an innocent victim or recipient of the account is not supported by the record. His conduct in assisting his daughter in obtaining the passbook, following his statement that if he had anything to say about it, neither the plaintiff nor her husband would get the money, and the withholding of the money for attorney's fees, and his presence in the bank when the money was withdrawn are not earmarks of innocence.

 2. As to the sufficiency of the evidence, the resumé of the same, as set forth herein, amply supports the judgment, considering that the proper inferences to be drawn therefrom were for the trial court. Plaintiff's intention as to disposition of the property in event of its restoration to her, is, we think, wholly immaterial.

We conclude that the judgment should be affirmed, and it is so ordered.

Mr. Chief Justice Young and Mr. Justice Hilliard concur.