CLEVELAND-ARVIN, Respondents, v. CLEVELAND, Appellant.

No. 8897.

Submitted November 9, 1949. Decided March 3, 1950.

215 Pac. (2d) 963.

464

Mr. Sam Barer, and Messrs. Hall and Alexander, all of Great Falls, for appellant. Mr. H. C. Hall argued orally.

Messrs. Church and Harris, and Messrs. Johnson and Williams, all of Great Falls, for respondent. Mr. Carter Williams argued orally.

MR. JUSTICE FREEBOURN:

This is an action to quiet title. The rival claimants are mother and daughter. The daughter, who is the plaintiff and respondent, bases her claim to the property upon a deed allegedly executed and delivered to her by her mother. She claims to be "the owner, in possession and entitled to the immediate possession" of the real estate. The mother, who is the defendant and appellant, filed a cross-complaint asking that her title be quieted as against the plaintiff. Each party requests that the court restrain the other from asserting any claim to the property or in any manner interfering with their possession.

The land in controversy is in two tracts, one of which consists of lots 2 and 3 of the University Division in Cascade County and the other of lots 6, 9, 10, 11, 12, 13 and 14, in the townsite of Manchester, Cascade county. The University Division property had been the home of defendant and her husband for 42 years. The Manchester property, located some six or seven miles away was purchased by defendant and her husband in 1935. On May 19, 1946, Mr. Cleveland, defendant's husband and plaintiff's father, died. At that time the plaintiff and her husband

resided at Knoxville, Tennessee, where Mr. Arvin was in business. The plaintiff returned to Montana on May 15, 1946, in order to be with her father during his last illness. After her father's death, the plaintiff stayed in Great Falls with her mother for a time. Between May 15th and the first part of June the plaintiff and her mother discussed their future plans. The plaintiff wanted her mother to sell the Montana property and move to Tennessee. Mrs. Cleveland was reluctant to leave her home and friends and it was finally decided that the Arvins would return to Montana and would live with the defendant and take care of her.

On June 4, 1946, or just prior thereto, the plaintiff procured a blank deed form. On this form she prepared a deed for her mother to transfer the property in controversy to the plaintiff. The description of the land was copied from an old deed. In the blank left for the insertion of the consideration was entered ''for an indefinite consideration'' and in the blank left for the date she inserted June 5, 1946. The description was of the University Division property and a part of the Manchester property. On June 5, 1946, the plaintiff and defendant went into the office of the Mountain States Building and Loan Company in Great Falls to have Mrs. Arvin's name substituted for Mr. Cleveland's as co-owner of certain building and loan stock. While in the office they produced the deed that had been prepared the previous day and asked an officer of the company to notarize it. On his advice the words ''for an indefinite consideration'' were stricken out and a consideration of one dollar was inserted. The defendant signed and acknowledged the deed. The two women then went to the Cascade county courthouse to check on the title of another part of the Manchester property, stopping enroute to purchase another blank deed form. At the office of the clerk and recorder they inquired about the property and asked about drawing up another deed. The clerk and recorder suggested that inasmuch as the deed to the University Division property was already signed and acknowledged, the description of the additional Man-

chester property be added, which was done. Also at the suggestion of the clerk and recorder the consideration for the deed was changed by adding that the transfer was in consideration of love and affection from mother to daughter. The property added in the office of the clerk and recorder is not involved in this action.

Although all parties were present in the office of the clerk and recorder the deed was not left for recording. Mother and daughter then returned home and the deed was placed in a lock box in the defendant's bedroom. The plaintiff testified that she had a key to the box and access thereto at all times. This was denied by defendant.

The plaintiff returned to Tennessee on June 26, 1946. She and her husband disposed of their business, settled up their affairs, and came back to Great Falls in August 1946 to live with the defendant. The two families did not get along together and in January, 1947, the defendant removed the deed from the strong box and in March she destroyed it.

In an action to quiet title the plaintiff must prevail on the strength of his own case. Aronow v. Bishop, 107 Mont. 317, 86 Pac. (2d) 644. In the case at bar the plaintiff had to prove the deed to the property and that it was delivered to her with an intention to constitute a present conveyance. R. C. M. 1947, sec. 67-1509; R. C. M. 1947, sec. 67-1511; Roman v. Albert, 81 Mont. 393, 264 Pac. 115; Hayes v. Moffatt, 83 Mont. 214, 271 Pac. 433; Carnaham v. Gupton, 109 Mont. 244, 96 Pac. (2d) 513.

The decisive question here is whether there was a delivery of the deed from the defendant to the plaintiff with the requisite intention to make a present conveyance.

The court found that the defendant ''on or about the 5th day of June 1946 signed, acknowledged and delivered a deed'' to the plaintiff and decreed:

''1. That the plaintiff is the owner in fee simple of the real property described in plaintiff's complaint, defendant's cross-complaint and hereinabove particularly described.

''2. That legal title to the aforedescribed real property is

vested in the plaintiff and is hereby quieted in the plaintiff against any and all claims of the defendant, save and except that the defendant shall have and she is hereby given the right and privilege of the unmolested use and enjoyment of said real property for the balance of her natural life.

"3. That defendant's cross-complaint be and the same is hereby dismissed upon the merits."

A fee simple estate is an estate of inheritance (R. C. M. 1947, sec. 67-503) and both an estate of inheritance and an estate for life are freeholds (R. C. M. 1947, sec. 67-504). These two estates are of the highest rank (R. C. M. 1947, sec. 67-502) and can only be created or transferred by an instrument in writing or by operation of law (R. C. M. 1947, secs. 67-1601 and 93-1401-5).

The defendant, Mrs. Cleveland, was admittedly the owner of the property in question prior to June 5, 1946. For the plaintiff to prevail in this action to quiet title she had the burden of proving by clear and convincing evidence that the defendant had deeded her the property and had delivered that deed to her with an intention of placing the property out of her control and beyond her recall.

The deed that is the basis of the plaintiff's action is an outright deed of the described property conveying to Rachel Mae Cleveland-Arvin the described property "together with all the tenements, hereditaments and appurtenances thereunto belonging, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and also all the estate, right, title and interest in the property, possession, claim and demand whatsoever."

There is not a single item of evidence that the defendant retained a life estate with a remainder in fee over to the plaintiff. There is no instrument in writing creating a life estate in the defendant.

Under the pleadings and evidence the plaintiff either received an unconditional fee simple estate or she received nothing. If the deed was delivered to the plaintiff by the defendant with the

intention that it take effect on the death of defendant then there was no delivery.

The court's finding that a deed was delivered is completely inconsistent and contradictory with the decree that the defendant have a life estate.

The trial court found that there was delivery of the deed but the evidence does not substantiate such finding. The parties were present in the clerk and recorder's office and yet did not leave the deed to be recorded. According to the plaintiff's own testimony the clerk and recorder thought the deed was to take the place of a will. The defendant testified that she only executed the deed so that there would be no necessity of probate. Prior to Mr. Cleveland's death, the defendant had executed a deed to him and it was this deed from which the plaintiff copied the description.

Letters from the plaintiff to friends written during the months before the deed was destroyed and while the plaintiff and her mother were having difficulties indicate that the plaintiff feared her mother would deed the land to someone else. In one such letter to a family friend the plaintiff expressed a hope that if her mother deeded the property it would be to him. The plaintiff testified that she had access to the box in which the deed was kept but even during the time she was most fearful that the deed would be destroyed or the property conveyed to another she made no attempt to record the deed from her mother. This indicates that she either did not have access to the box and joint possession of the deed or she knew that there was no intention to make a present conveyance.

It is true that the plaintiff testified that there was a delivery of the deed but taking all the circumstances together it is apparent that Mrs. Cleveland was putting her daughter in the same position with respect to the property that Mr. Cleveland had occupied during his lifetime. Mrs. Cleveland never delivered the deed to the plaintiff and retained possession of the instrument itself. The plain intent of the parties was that the deed

would be effective only after Mrs. Cleveland's death. And this is obviously the view that the trial judge took for that is the only explanation of the inconsistent and self-contradictory findings of fact and decree.

The decree of the court quieting title in the plaintiff and awarding a fee simple estate to the plaintiff is not sustained by the evidence.

The decree is reversed and the cause remanded to the district court with instructions to enter a decree for the defendant Bertha A. Cleveland in accordance with the prayer of the cross-complaint.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES ANGSTMAN and BOTTOMLY, concur.

MR. JUSTICE METCALF specially concurring:

The trial court found that the deed was delivered to the plaintiff. There is evidence in the record to sustain the court's finding. The findings of fact, conclusions of law and the decree of the court are so inconsistent and self-contradictory as to require the cause to be reversed but I think it should be remanded for a new trial.

Rehearing denied April 5, 1950.