ALBERT HEEGARD ROTH, Executor of Estate of RUTH
HEEGARD ROTH, Deceased, Plaintiff and Appellant,
STATE OF MONTANA and the STATE BOARD OF
EQUALIZATION of State of Montana, Interveners, *v.*
FAYE M. PALUTZKE and GEORGE N. LUND, as Ad-
ministrator of Estate of ERNEST WILLIAM PALUTZ-
KE, Deceased, Defendants and Respondents.

No. 10017.

Submitted February 9, 1960. Decided March 23, 1960.

Rehearing denied April 5, 1960.

350 Pac. (2d) 358.

Rucker & Booth, Wayne E. Booth, Plentywood, for appellant. Wayne E. Booth argued orally.

Jess L. Angstman, Havre, William E. Hunt, Chester, Ludvig Tande, Plentywood, for respondents. Jess L. Angstman argued orally.

Forrest H. Anderson, Atty. Gen., Edward C. Schroeter, Sp. Asst. Atty. Gen., for interveners.

HONORABLE LESTER H. LOBLE, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, delivered the Opinion of the Court.

This is an action brought by the daughter of Ernest William Palutzke, deceased, against Faye M. Palutzke, wife of the deceased, and George N. Lund, administrator of his estate, to set aside certain conveyances of real property made by deceased to his wife. Subsequent to the commencement of the action, plaintiff daughter died and her executor was substituted as party plaintiff. The State of Montana and the State Board of Equalization intervened below but are not parties on this appeal.

The conveyances which are the subject of this controversy are four warranty deeds, dated September 10, 1931, executed by

Ernest William Palutzke as grantor, to his wife Faye M. Palutzke, describing approximately 4,800 acres of land in Sheridan, Daniels, and Roosevelt Counties, Montana. Two of the instruments were recorded in Sheridan County on September 29, 1932, one was recorded on October 13, 1932, in Daniels County, and one was recorded on September 30, 1932, in Roosevelt County. For approximately 20 years these deeds were of record before the death of the grantor, and their validity was not challenged until this action, which was brought approximately twenty-four years after they were recorded.

The substance of plaintiff's claim is that the deeds were given without consideration, were not delivered to the grantee, and possession of any of the property described therein was not delivered to defendant with the intention to vest in her legal title. It is alleged that before, at, and after the execution of the deeds the deceased owned and possessed said property, exercised dominion and control over it. Plaintiff daughter is offspring of a previous marriage and, as an heir at law of the deceased, seeks to set aside the aforementioned deeds and to have the property described therein be adjudged part of deceased's estate. Plaintiff also prays for damages in the amount of $20,000, as rental.

The district court found that the deeds were delivered to defendant with the intent to vest in her immediate title; that the defendant is the owner of the property described therein; and that no heir or administrator of deceased has any claim thereto.

The evidence showed that deceased and defendant were married in 1909, and resided in Sheridan County, Montana, until 1915, when they moved to California. The deceased returned to Montana during seeding and harvest time to look after his interests. The defendant testified that she first learned of the existence of the deeds after deceased had returned from a trip to Montana late in September 1931. She testified that when the deeds were signed in California, the deceased brought them to

their home and presented them to her in the presence of their son and daughter, and that they were thereafter placed in a closet in deceased's room which was accessible to any of the family. She testified further that deceased had been subject to heart trouble and was worried about his health, and that he deeded the property to her for her "security". Later, defendant testified, deceased himself recorded the deeds and returned them to their home in California. Mrs. Palutzke also indicated that her husband continued to manage the property, as he had done prior to the conveyances, up until the time of his death in 1951.

Plaintiff has not set forth any specifications of error in his brief as is required by Rule X, subd. 3, par. c. of this court. This is a flagrant disregard of the rules for which this court might, with propriety, affirm the judgment without reference to the merits. Samuell v. Moore Mercantile Co., 62 Mont. 232, 204 P. 376; Miller Insurance Agency v. Home Fire & Marine Insurance Co., 100 Mont. 551, 51 P.2d 628. However, in view of the fact that the rule may be waived at the court's discretion (State v. Turisch, 127 Mont. 504, 267 P.2d 641), and that section 93-216, R.C.M. 1947, provides that questions of fact shall be reviewed in equity cases by this court whether presented by specifications of particulars or not, we shall proceed to consider the merits.

The determinative question on this appeal is whether or not the deeds in question were delivered to the defendant.

As indicated above the defendant testified as to the circumstances of the delivery. Furthermore there is a presumption that a deed which is duly executed and acknowledged has been delivered. Section 67-1510, R.C.M. 1947; Springhorn v. Springer, 75 Mont. 294, 295, 243 P. 803; Cook v. Rigney, 113 Mont. 198, 126 P.2d 325. And the fact that a deed has been recorded strengthens that presumption. See 26A C.J.S., Deeds, § 187. There is no dispute in the evidence here that the deeds in question were duly dated, executed, acknowl-

edged and recorded. Plaintiff contends that the acts of the deceased, subsequent to the recording of the deeds, shows that deceased had not a present intention to divest himself of his property, and that therefore the presumption of delivery is overcome. We are of the opinion, however, that acts of management and control do not necessarily show a contrary intention when the grantor and grantee stand in the position of husband and wife. In 26A C.J.S., Deeds, § 204, p. 83, it is stated:

"While under some circumstances evidence of the grantor's retention of possession of the deed and property, together with his subsequent acts of ownership, is sufficient to overcome the presumption arising from the recording of the deed, such evidence is insufficient where the grantor stands in a fiduciary relation to the grantee, or in the case of a voluntary settlement."

In the case of Fisher v. Pugh, Okl. 1953, 261 P.2d 181, 185, it was said:

"Plaintiff strenuously urges the fact of decedent's continued control of this property, coupled with the alleged lack of any other evidence of delivery (aside from grantee's possession) as sufficient to require the trial court to find that there was no delivery effectual to pass title, under the rule announced in Maynard v. Taylor, 185 Okl. 268, 91 P.2d 649. This argument is effectively foreclosed in our recent decisions of In re Griffin's Estate, 199 Okl. 676, 189 P.2d 933, and McKeever v. Parker, supra [204 Okl. 1, 226 P.2d 425]. In both cases we explicitly pointed out that the fact the grantor continued in control and management of the property conveyed during his lifetime did not destroy the presumption of delivery arising from due execution and recordation of the deed. We perceive no reason for enunciating a different rule where the parties bear the relationship of parent and child rather than that of husband and wife."

This appears to be the rule of common sense. It is natural that an experienced farmer and businessman should lend his

aid in managing the property after he has conveyed it to his wife, who may be unfamiliar with such matters.

■ The district court found that there was a delivery. Where as here, there is substantial evidence to support this finding, it will not be disturbed on appeal.

■ The plaintiff failed to meet the burden of going forward with the evidence imposed by virtue of the presumption of delivery in defendant's favor. Further, the testimony of defendant was direct and substantial evidence in support of the judgment rendered below.

For the reasons stated, the judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and CASTLES concur. MR. JUSTICE ANGSTMAN being absent took no part in the hearing or determination of this appeal.