No. 22547.
BEATRICE K. CURTISS *v.* MARILYN T. FERRIS AND
DOROTHY C. TAFT.
(452 P.2d 38)

Decided March 24, 1969.

HELMICK, EVANS & CONOVER, RICHARD F. HELMICK, KENNETH R. OLDHAM, for plaintiff in error.

KELLY & KELLY, AUREL M. KELLY, for defendant in error Marilyn T. Ferris.

*In Department.*

Opinion by MR. JUSTICE DAY.

THE plaintiff in error was plaintiff in the trial court and will be referred to as Mrs. Curtiss. Defendant in error Marilyn Ferris is Mrs. Curtiss' granddaughter and will be referred to as Mrs. Ferris. Defendant in error Dorothy Taft is the daughter of Mrs. Curtiss and the mother of Mrs. Ferris, and will be referred to as Mrs. Taft.

Controversy between the parties arose out of the following factual situation: Mrs. Curtiss lived in Illinois with her husband, but upon being widowed in 1957 decided to move to Colorado to be close to her daughter and granddaughter. She was then seventy years of age. While she was still in Illinois the purchase of the house in question was consummated, and the deed to the property was made to herself and daughter as joint tenants. When she moved to Colorado she occupied the home and continued to do so to the time of trial.

On November 9, 1961, Mrs. Curtiss and Mrs. Taft executed a quitclaim deed transferring the property to Mrs. Curtiss and Mrs. Ferris as joint tenants. The deed was witnessed, properly notarized, and was recorded.

Action was brought by Mrs. Curtiss under R.C.P. Colo. 105 to obtain an adjudication of the rights of the parties with respect to the property. In her complaint Mrs. Curtiss alleged that the deed executed by her and Mrs. Taft to Mrs. Curtiss and Mrs. Ferris as joint tenants was void and ineffective to pass any interest in the property to Mrs. Ferris. She alleged that at the time she signed the deed she intended it to be a testamentary device operative only on her death; that at the time of the signing she did not intend to make a gift of either a present or future interest in the property; that Mrs. Ferris paid no consideration for the property; that Mrs. Taft signed the deed because of being a record owner but did not claim any ownership or vested interest in the real estate, either at the time of the signing or at any time.

At the time of the trial Mrs. Ferris did not appear but was represented by counsel. At the close of the plaintiff's case, a motion to dismiss made by defendant's counsel was granted by the court. The writ of error is directed to the court's finding "that a presumption of delivery arose from said recording and that plaintiff produced no evidence of non-delivery"; and further "That the evidence of plaintiff's conduct subsequent to the execution and recording of said deed clearly shows that plaintiff intended that she and defendant Marilyn T. Ferris be vested with title to said property as joint tenants with right of survivorship."

We hold that the court misconceived and misapplied the law to the undisputed evidence and the inferences to be drawn therefrom.

■■ It is the law in Colorado that an intent to pass a present interest is an essential element of delivery of property; and that when the evidence establishes that one does not intend to pass such a present interest in property that as between the parties there is no binding delivery even though the deed is recorded. McGuire v.

*Crockett,* 112 Colo. 552, 151 P.2d 326; 23 Am. Jur. 2d *Deeds* § 81, 82.

 It is also a rule of law that when one intends a deed to be operative only on grantor's death the grantor may have the deed set aside as against the grantee. *Larison v. Taylor,* 83 Colo. 430, 266 P. 217; *Henneberry v. Henneberry,* 164 Cal. App. 2d 125, 330 P.2d 250; 23 Am. Jur. 2d *Deeds* § 91.

 Another rule of law applicable to this case is that prima facie evidence of delivery that arises from recording may be rebutted by evidence showing a lack of intent to transfer a present interest in the property. *McGuire v. Crockett, supra.* The conclusions of law of the trial court are clearly contrary to all of the above applicable principles of law.

Some of the evidence pertinent to the question of intent of the grantors, Mrs. Curtiss and Mrs. Taft, is shown by the following questions and answers by Mrs. Curtiss:

"Q. Did you intend for her [Marilyn Ferris] to have any interest in your home during your life?

A. None, whatsoever; and she knew it, her husband knew it, I knew it, the family all knew it.

Q. Mrs. Curtiss, at the time you signed that deed what if any power did you think you retained over this property during your lifetime?

A. That it would be my home during my lifetime."

Mrs. Curtiss' testimony was corroborated by the following questions and answers by Mrs. Taft:

"Q. Well, also, let me ask you this then, Mrs. Taft: At the time you signed the deed what interest, if any, did you think you had in the property?

A. I had none.

Q. Did you understand that your mother wanted to be the sole owner of the property?

A. Absolutely. It was her home.

Q. At the time you signed the deed, what, if any, interest did you intend to convey to Marilyn Ferris, at that time?

A. I couldn't convey anything to Marilyn. The home wasn't mine."

■ The record is replete with other evidence consistent with Mrs. Curtiss' claim to retention of full interest in the property during her lifetime. Mrs. Curtiss was the sole occupant of the house, and Mrs. Ferris had "never even stayed overnight." Mrs. Curtiss over the years paid all the maintenance and insurance expenses on the property, and she received no contribution for any of these expenses from Mrs. Ferris. Mrs. Curtiss paid all the taxes on the property and received no contribution from Mrs. Ferris. In a letter to the insurance agent calling his attention to the fact that Mrs. Ferris was jointly named in the deed and should be a named insured, Mrs. Curtiss referred to Mrs. Ferris as "the inheritor of the property." When the evidence, such as here, shows complete dominion and control over the property, that fact also tends to negate delivery. *Larison v. Taylor, supra; Yarbrough v. Bellamy*, 197 Okla. 493, 172 P.2d 801; 4 *H. Tiffany, Real Property*, § 1045 (3d ed. 1939); 23 Am. Jur. 2d *Deeds* § 118.

We note that at the time of granting the motion to dismiss the court commented that the survivor of the parties was to be the owner of the property and said, "That is clearly the purpose of the deed. One of them has to die before the other one gets it." We believe that observation by the trial court showed the true situation as revealed by the evidence, and the court erred in not concluding from that significant fact that such an intention makes the deed inoperative to pass any present interest in the property. *Larison v. Taylor, supra.*

■ Under both the law of delivery of deeds and the law of gifts, it is clear from the evidence adduced at the trial that the deed in question did not operate to pass interest in the property in question to defendant Marilyn Ferris as the grantors did not intend for it to do so.

The judgment is reversed with instructions to set

aside the deed insofar as applied to Mrs. Ferris and quiet title to the property in Mrs. Curtiss.

MR. JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.