In re Franklin Delano HAMBRIC, Anna Mae Hambric, Debtors-Plaintiffs,

v.

CENTENNIAL GLASS, INC.; United Bank of Denver, N.A.; Earle M. Jorgenson Co.; Roger N. Squire; Mary E. Squire; Commercial Claims, Ltd.; Primec, Inc.; and Joseph A. Kiely, Defendants.

Bankruptcy No. 82 B 5530 Mc.
Adv. No. 83 Mc 1046.

United States Bankruptcy Court,
D. Colorado.

Aug. 5, 1983.

Jack A. Engles, Denver, Colo., for debtors-plaintiffs.

Douglas Brown, Denver, Colo., for United Bank of Denver.

## ORDER DENYING COMPLAINTS TO VOID LIENS UNDER 11 U.S.C. Section 522(f)

JOHN F. McGRATH, Bankruptcy Judge.

Having considered the issues, the pleadings and the brief filed in this matter, the Court finds as follows:

Pursuant to 11 U.S.C. 522(f) the Debtors are seeking to void a number of judicial liens on Lot 41, Clover Park, County of Jefferson, State of Colorado. This real property was conveyed by Quitclaim Deed signed and dated April 11, 1979 to the Debtors' daughter, Debra A. Hoffschneider and recorded in Jefferson County on April 12, 1979. The third paragraph in said deed states:

If the Grantor intends this Deed to convey less than his entire interest in the Property or if the Grantor intends to impress restrictions on the Grantee's use of the Property, then appropriate language has been added below under "Reservations and/or Restrictions."

At the bottom of this form there is a blank for "Reservations and/or Restrictions; (if none, leave blank)" and nothing has been filled in.

The Debtors claim they have legal title to this property and are entitled to a homestead exemption under Section 38–41–201 C.R.S., 1973 as amended. They then assert the judicial liens of the defendants in this action should be voided pursuant to 11 U.S.C. Section 522(f) as they would impair the homestead exemption.

The first issue the Court must decide is if the Debtors have legal title to this property.

The Debtors claim the Quitclaim Deed was never intended to pass title to their daughter. They cite two Colorado cases

where there was evidence of the Grantor's intent that a deed not pass legal title and the Courts found title remained in the Grantor. However there were facts very different from the case before us.

In *Larison v. Taylor,* 83 Colo. 430, 266 P. 217 (1928) a mother executed a deed to her daughter, not intending to deliver it until she was near death. Three years later the daughter obtained the deed, claiming it was given to her and the mother claiming it was taken. Two and a half years later the deed was recorded. At all times the mother remained in possession of the property, paid all the taxes, repairs, insurance, etc. The Court found no presumption of delivery of the Deed when not *recorded until long after being executed* and further found that an unauthorized recording did not constitute delivery. The opinion did state that the intent of the Grantor governs, if it can be ascertained.

The other case cited on this point is *Curtiss v. Ferris,* 168 Colo. 480, 452 P.2d 38 (1969). Here a grandmother purchased real property and titled it in her name and her daughter's. Later she and the daughter conveyed to grandmother and granddaughter as joint tenants. This deed was duly notarized and recorded. In a later action brought by the grandmother to adjudicate the rights to the property, the Colorado Supreme Court noted that in Colorado intent is a necessary element of delivery of property and that if evidence *clearly establishes there is no intent to pass the property as between the parties* there is no delivery even though the deed is recorded. The Court further states a Rule of Law that *when one intends a deed to be operative only on a Grantor's death, that Grantor may have the deed set aside as against the Grantee.* There was ample testimony showing the grandmother had made this deed only as a testamentary device and had remained in possession and control at all times.

In both the above cases the Grantor was allowed to retain the property as against the Grantee. In both there was evidence of the Grantor's intent to make a prospective

testamentary transfer. In the case before this Court the Grantors seek to set aside a deed that would affect third parties, rather than just in an action against the Grantee. There is no evidence that this was a deed created in an attempt to make a future testamentary transfer. The Debtors state the words "Convenience Deed" on the face of the Deed should be interpreted to mean that the Debtors intended to retain their interest in this property, but give no evidence of any reason behind such an intent. This Court can find no precedent to support any particular meaning for the term "Convenience Deed."

As to the intent of the Grantors at the time this Deed was signed, the Court notes the following from the Debtors' "Statement of Affairs" filed with their bankruptcy petition in Case No. 82 B 5530 Mc.

> Where we got in trouble was not paying our quarter employer withholding taxes, and in April, 1979, Internal Revenue Service levied on all our equipment and sold it for a rediculously (sic) low sum (there was close to $200,00 in equipment, supplies, etc. which was sold for approximately $4,000). We were left owing $29,-049.64 after the tax sale. None of the above companies did any business (except perhaps 20th Century Leasing, Inc., of which I have no current interest) after said sale, and there are no assets at the company as IRS took them all.

We further note that the real property in question was deeded to the daughter in April, 1979.

■ In short, there is no ample, ascertainable evidence showing that the Debtors had an intent contrary to that of passing legal title to this property at the time of duly signing and recording this quitclaim deed. The Court therefore finds that legal title to the real property in question passed to the daughter in April, 1979.

The Debtors next argue that ownership in fee is not essential in order to claim a homestead exemption, again citing two Colorado cases.

In *Dallemand v. Mannon,* 4 Colo.App. 262, 35 P. 679 (1912) a Debtor had declared his homestead on a "receiver's receipt." There then was an apparent conveyance to a third party, which the Court found to be, in fact, a mortgage. After the mortgage was paid, the third party gave a quitclaim deed back to the Debtor. The contention was that since the Debtor did not record the exemption on this quitclaim deed the exemption could not be allowed. (Under Colorado law at that time a homestead had to be recorded.) The Court held that title had never really passed from the Debtor because the purported intervening conveyance was really a mortgage. Thus the recording of the homestead on the receiver's receipt sufficed.

In *Brooks v. Black,* 22 Colo.App. 49, 123 P. 131 (1912) a husband fraudulently conveyed real estate to his wife. She sold the land to a third party who purchased for value and without notice of the fraudulent conveyance. Ten days later the third party gave the wife a Bond for Deed, agreeing to reconvey the property to the wife after she had paid them. The wife then recorded the homestead on the Bond for Deed and judgment creditors of the husband protested the homestead exemption. The court allowed the exemption in spite of the fraudulent conveyance from husband to wife because the subsequent conveyance by the wife to a third party for consideration was a valid conveyance. The dissent in this opinion observed that perhaps the law should be that possession is sufficient for a homestead exemption, but noted that such is not the law in Colorado.

■ In the above two cases even though a deed itself was not involved, there was a valid conveyance which the Court found gave an interest upon which a homestead exemption could be claimed. The Debtors in the case before this court are attempting to claim that the deed they signed and had recorded did not pass title to a third party. Under these circumstances this Court finds the Debtors are not entitled to a claim for a homestead exemption.

Having found that the Debtors do not have legal title to this real property and having further found the Debtors have no

**52**

claim to this property that would entitle them to a homestead exemption, this Court does not need to reach the other issues raised in the Debtors' brief. Since the Debtors cannot calim a homestead exemption the judicial liens cannot be voided pursuant to 11 U.S.C. Section 522(f).

WHEREFORE, IT IS ORDERED that as the Debtor/Plaintiffs do not have title to the real property in question they do not have a right to claim a homestead exemption on such real property, and it is

FURTHER ORDERED that the Debtors/Plaintiffs Complaint to Void the Judicial Liens of the Defendants is hereby denied.