No. 89-278

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

PETER J. GROSS,

        Plaintiff and Respondent,

   -vs-

RICHARD P. GROSS,

        Defendant and Appellant.

FILED

'89 OCT 24 PM 3 54

ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Walter S. Murfitt; Luxan & Murfitt, Helena, Montana

    For Respondent:

        Gene A. Picotte, Clancy, Montana

Submitted on Briefs:  Aug. 17, 1989

Decided:   OCT 24 1989

Filed:

_____
/ Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Peter J. Gross (the father) initiated this action to have three deeds that conveyed an interest in property to Richard P. Gross (the son) declared null and void. The District Court of the First Judicial District, Lewis and Clark County, granted summary judgment in favor of the father. The District Court held that the father presented sufficient evidence to overcome the presumption of delivery raised by the father's recording of the deeds. We reverse and direct entry of judgment for the appellant.

Appellant raises the following issue for review:

Did the District Court err in holding that the plaintiff presented sufficient evidence to rebut the presumption of delivery arising from the recording of the deeds?

Appellant, Richard Gross, is the son of respondent, Peter Gross. Peter's wife (Richard's mother) died in 1980. Peter was 80 years old at the time. Sometime after her death, the father suffered a stroke which prompted a discussion between father and son concerning the father putting his affairs in order. Shortly after this discussion, the father executed and recorded three warranty deeds that transferred property from the father to the father and son as joint tenants. The father retained the deeds in his possession, continued to occupy and maintain the property and to pay all expenses associated with the property.

After the father executed and recorded the deeds, he told his son that he had put the property into a joint tenancy with him. It is undisputed that the father executed the deeds to avoid probate. Subsequently the father asked

the son to reconvey the property, but the son refused. The father has since remarried.

Several conflicts between the father's affidavit and deposition and the son's deposition appear in the record. The father maintains that the son requested that his name be put on the deeds while the son testified that he had no knowledge of his father's actions until after the deeds were executed. Also, the father contends that the son promised that he would not interfere with his control of the property or object to any disposition of the property he wished to make. The son denies that the subject of control ever arose and that he ever made any such assurances.

In Roth v. Palutzke (1960), 137 Mont. 77, 350 P.2d 358, this Court found that, based on what is now § 70-1-509, MCA, when a deed is executed a presumption arises that delivery occurred and that recording the deed strengthens that presumption. We conclude that this presumption can only be overcome by clear and convincing evidence. 23 Am.Jur.2d, Deeds § 172; Controlled Receivables v. Harmon (Utah 1966), 413 P.2d 807.

In assessing whether the grantor has presented clear and convincing evidence, the general rule is that the grantor's self-serving statements are not enough to overcome the presumption of delivery. See, 23 Am.Jur.2d, Deeds § 172; Controlled Receivables, 413 P.2d at 810. Also the fact that the grantor has retained possession of the deeds and continued to occupy and control the land will not rebut the presumption when a close relationship exists between the grantor and grantee. Roth, 350 P.2d at 360.

The father testified that he did not intend to create a present interest and argued in essence that his actions subsequent to recording the deeds were inconsistent with an intention to create a present interest. The District Court

3

held that the father had presented sufficient evidence to overcome the presumption of delivery. In reaching its conclusion, the District Court relied on the father's dominion and control of the property along with his paying all of the expenses such as taxes and insurance.

We do not agree that the father presented the kind of clear and convincing evidence required to rebut the presumption of delivery. The District Court felt that the father's intent was the crucial factor and stated that it found no evidence in the record that the father intended to create a present interest. However, the evidence relied on by the District Court to determine that the father did not intend to create a present interest in the son cannot be used to rebut the presumption of delivery given the close relationship between father and son.

This Court has held that subsequent acts of a grantor identical to those of the grantor in this case "do not meet the burden of going forward with the evidence imposed by virtue of the presumption of delivery." Roth, 350 P.2d at 360. In Roth, the grantor had retained control of the deeds after recording and continued to manage and control the property. The grantee was the grantor's wife. After the grantor's death, the grantor's daughter argued that such subsequent acts showed that the "deceased had not a present intention to divest himself of his property, and that therefore the presumption of delivery is overcome." Roth, 350 P.2d at 360. Nonetheless, this Court affirmed the district court's finding of delivery. The Roth case signifies that evidence of these particular subsequent acts is not sufficient to rebut the strong presumption of intent to create a present interest raised by recording deeds when a close relationship exists between the grantor and grantee.

4

The District Court's opinion indicates that it interprets the parent-child relationship referred to in Roth as meaning parent-minor child. However, a review of the cases relied upon by the Roth Court discloses cases where subsequent acts of dominion and control by a parent granting to an adult child were held not to overcome the presumption of delivery. Roth makes no distinction between minor and adult children in defining close relationships.

Unlike Roth, the grantor in this case is alive and has testified regarding his intent. But, as noted above, a grantor's self-serving statement will not overcome the presumption of delivery raised by recording. No independent third party testimony exists to corroborate the father's testimony regarding his intent. See Curtis v. Ferris (Colo. 1969), 452 P.2d 38.

The undisputed evidence in the record establishes that the father intended to avoid probate. As to his property, he chose to accomplish that purpose by executing and recording deeds that granted his son a joint tenancy in the property. This intentional act constituted unrebutted evidence of his intention to create a present interest in the son which upon the death of the father would automatically pass full title to the son. The father testified that he did not intend to pass a present interest to the son and that he retained deeds and controlled the property. But, as discussed above, the father's self-serving statements and those particular subsequent acts, by law, cannot rebut the presumption.

The father must present clear and convincing evidence other than his own statements and other than those particular subsequent acts. He has not presented any other clear evidence. The District Court erred in concluding that the father presented clear and convincing evidence sufficient to

overcome the presumption of delivery raised by his recording of the deeds.

We reverse the District Court and direct entry of judgment for the appellant.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices