No. 95-270

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

JOHN P. DAUGHERTY,

      Plaintiff and Respondent,

v.

TRESSIE E. DAUGHERTY,

      Defendant and Appellant.

FILED

FEB 22 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Torger S. Oaas, Lewistown, Montana

      For Respondent:

      Timothy J. O'Hare, Lewistown, Montana

Submitted on Briefs:  January 18, 1996

Decided:  February 22, 1996

Filed:

_____
Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Appellant, Tressie Daugherty appeals the judgment of the Tenth Judicial District Court of Fergus County, granting the plaintiff and respondent, John P. Daugherty, a declaratory judgment establishing his present interest in certain real property.

We affirm.

The sole issue presented for our review is whether the District Court erred in finding that Tressie Daugherty (Tressie) had delivered the deed to the Spring Creek property to her son John Daugherty (John).

## FACTS

In September 1975, Tressie and her husband Paul (now deceased) purchased a house in Lewistown, Montana, located on Spring Creek Road, (Spring Creek property). In October of the same year, the deed was properly recorded. Tressie and Paul's son, John, worked road construction and moved into the residence in 1976 with his parents' permission. John lived there for about six months out of the year during the off-season, until 1993. Tressie moved into the house in either 1979 or 1980, and was joined shortly thereafter by Paul.

2

On May 12, 1982, Tressie and Paul executed a deed transferring the Spring Creek property to Tressie, Paul, and John as joint tenants with rights of survivorship. The warranty deed was then properly recorded. About four to six weeks later, Paul told John about the deed and its recording. At trial, Tressie testified that she believed the effect of the 1982 deed was only to transfer ownership of the Spring Creek property to John upon the death of both she and Paul. She testified that she did not believe the deed granted John a present ownership interest. John testified that he believed he held a joint interest in the property but, that he would not have complete ownership until after both of his parents were deceased.

From 1982 through 1992, Tressie, Paul, and John all lived in the house and worked together on improving the property. Paul Daugherty died in November 1992. After which, John and Tressie continued to live in the house.

After Paul's death, Tressie and John became the owners as surviving joint tenants. In 1993, a dispute arose between Tressie and John regarding what John considered to be an invasion of his privacy. During this time, Tressie contacted legal counsel to see if she could remove John's name from the deed and evict him from the premises. John moved out voluntarily.

In March 1994, Tressie presented John with a deed, and asked him to quit claim his interest in the Spring Creek property. John refused. John brought suit against his mother under the Uniform Declaratory Judgment Act, §§ 27-8-101, et. seq., to determine the validity of a recorded warranty deed. A bench trial was held on

3

March 2, 1995, after which a judgment was entered declaring the deed to be valid, and that John presently held a joint interest with his mother in the Spring Creek property with rights of survivorship. Tressie appeals.

## DISCUSSION

Whether the District Court erred in finding that Tressie had delivered the deed to the Spring Creek property to her son John?

The standard of review for a district court's findings of fact is whether the findings are "clearly erroneous." Interstate Production Credit Association v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287. We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. In re Marriage of Barnard (1994), 264 Mont. 103, 106, 870 P.2d 91, 93.

At trial and on appeal, it has been Tressie's position that it was neither her nor her husband's intent to give John a present interest in the Spring Creek property when they executed the May 12, 1982 deed. Absent their intent to grant John a present interest, Tressie contends the deed was in effect never delivered.

A grant of property takes effect only upon delivery by the grantor. Section 70-1-508, MCA; Romain v. Earl Schwartz Co. (1989), 238 Mont. 500, 503, 779 P.2d 54, 55-56. Delivery can be accomplished by words, acts, or both. In Montana, the law does not require the actual handing over of the document so long as it is handled in a way that unequivocally shows the grantor's intention. Hauseman v. Koski (1993), 259 Mont. 498, 502, 857 P.2d 715, 717. Accordingly, the intent to pass a present interest in property is

4

an essential element of delivery. Gross v. Gross (1989), 239 Mont. 480, 781 P.2d 284; Bodine v. Bodine (1967), 149 Mont. 29, 422 P.2d 650; Roth v. Palutzke (1960), 137 Mont. 77, 350 P.2d 358; Cleveland-Arvin v. Cleveland (1950), 123 Mont. 463, 215 P.2d 963.

A presumption of delivery is created when a deed has been duly executed and acknowledged, and the presumption is strengthened by the recording of the deed. Roth, 350 P.2d at 360. When a deed has been properly recorded the presumption of delivery can only be overcome by "clear and convincing evidence." Gross, 781 P.2d at 285.

In the Gross case, the father executed and recorded three warranty deeds transferring real property from the father to the father and the son as joint tenants. The father retained the deeds in his possession, and continued to occupy and maintain the land. After executing and recording the deeds, the father told the son that he had placed his name on the property as a joint tenant. Later, when the father asked the son to reconvey the property, the son refused. This Court held that the father, even though he remained in control of both the documents and the deeded land, had not overcome the presumption of delivery raised by recording. Gross, 781 P.2d at 286.

On appeal, Tressie argues Gross is distinguishable. Tressie contends there is ample evidence to overcome the presumption raised by the 1982 recording of the deed. In a memorandum supporting its judgment, the District Court reviewed the facts in Gross. The court found that in comparison to the Gross case, the instant case

5

presented a more compelling argument for the presumption of delivery.

The District Court found Tressie's statements regarding her lack of understanding of the effect of the deed were not clear and convincing. A grantor's self serving statements are not enough to overcome the presumption of delivery. Gross, 781 P.2d at 286. And although Tressie retained possession of the deed and continued to occupy and control the land, the court found this did not rebut the presumption of delivery. This Court has held that evidence of particular subsequent acts is not sufficient to rebut the presumption when a close relationship exists between the grantor and grantee. Gross, 781 P.2d at 286; Roth, 350 P.2d at 360.

We agree with the District Court. The instant case presents a stronger argument for the presumption of delivery. Unlike the parties in the Gross case, Tressie and John exercised joint dominion and control over the Spring Creek property for eleven years prior to the dispute.

We hold the District Court's findings were not clearly erroneous, and the court's interpretation of the law was correct. The May 12, 1982 deed created a present interest in the property to Tressie, Paul, and John. We affirm the District Court's grant of a judgment for the plaintiff, John, declaring his present interest in the Spring Creek property.

Affirmed.

William E. Hunt
Justice

6

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7