GIOVANNI CEREGHINO, RESPONDENT, v. HENRY
WAGENER, INTERVENOR AND APPELLANT, IMPLEADED
WITH FREDERICK EINBERG.

DEED.—An instrument set out in the opinion, examined and held to
be a valid deed of conveyance.
ID.—DESCRIPTION.—The description of property intended to be con-
veyed by a deed is sufficient, if the property can be identified
therefrom after reference to another instrument on record re-
ferred to therein for a more particular description.
ID.—WIFE TAKING FROM HUSBAND.—Under sec. 1020 Comp. Laws of
Utah, a married woman can take real property by deed from her
husband without the intervention of a trustee.
EVIDENCE.—ABANDONMENT WITHOUT LEGAL EXCUSE.—C. conveyed
certain premises to his wife to be held by her until she should de-
sert him without legal cause therefor; in an action of ejectment
brought by her against an intruder, held, that neither the record
of a suit for divorce instituted by her against C., and afterwards
dismissed by stipulation, nor the record of a second suit brought
by her for the same purpose, in which a decree of divorce was
rendered, but in which a new trial was afterwards granted be-
cause the evidence was insufficient to support the judgment,
tended to show that her abandonment of C. was without legal
cause therefor.

APPEAL from a judgment of the district court of the
third district. "Exhibit E" referred to in the opinion was
the findings of fact of the trial court in the second suit for
a divorce instituted by respondent against her husband as
follows:

"This cause was tried before the court, and the court
makes the following findings of fact and conclusions of
law:

"1.   That plaintiff and defendant were legally married
October 19th, 1864, in the kingdom of Italy, and ever
since then have been husband and wife.

"2.   That there are now living issue of said marriage,
viz.: Mary, born July 10th, 1865, and John, born Novem-
ber 9th, 1867.

"3.   That plaintiff and defendant are, and for more than
one year past have been, residents of Utah Territory.

"4.   That defendant has by acts of violence since January 23rd, 1880, and prior to bringing this action, and by often, and almost continuously during said time, accusing plaintiff of committing adultery, and by using foul and abusive language towards her been guilty of such cruelty towards plaintiff as to cause her great mental distress.

"5.   That he has continued his charges of adultery, against plaintiff in his answer herein, and has not made any proof of, nor any attempted proof of any such charges.

"6.   That defendant has been guilty of such acts of cruelty as are charged in the complaint.

"7.   That on the 23d day of January, 1880, defendant executed and delivered to plaintiff the two instruments in writing set forth in the complaint.

"8.   That plaintiff did not violate the conditions in the instrument marked Exhibit "A," to be by her performed.

"9.   That plaintiff demanded of defendant a deed in due form, for the premises described in Exhibit "A," prior to bringing this action, which defendant neglected to execute and deliver to her.

"10.   That the material allegations in the plaintiff's complaint are true.

"11.   That the material denials and allegations in defendant's answer are not true.

"Amended findings of fact, No. 12.   That on the 20th day of January, 1880, plaintiff brought an action of divorce against defendant, charging nearly the same causes of action contained in the present complaint that the said suit and causes of divorce therein contained were settled and forgiven on each side, on January 23d, 1880, the date of the deeds aforesaid."

A decree of divorce was rendered on these findings, but on motion made by C. a new trial was granted in said action on the ground that the evidence was insufficient to support the findings and decree; the order granting such new trial was offered in evidence by appellant in connection with "Exhibit E," and the entire record of said second suit for a divorce; all of said record was excluded by the court to which appellant excepted, and this ruling

furnishes one of the assignments of error. The other facts sufficient appear in the opinion of the court.

*Mr. Arthur Brown* and *Mr. E. B. Critchlow*, for the appellant.

Is the instrument marked Exhibit "A," a deed of conveyance?

We contend that it must be held to be an agreement for a deed and not a deed.

1. In construing written instruments, effect is to be given to the instrument or writing as a whole, though single clauses taken alone would give a different construction: *Chase* v. *Bradley*, 26 Me., 531; *Heywood* v. *Perrin*, 10 Pick., 230; 2 Cruise Dig., R. P. 300; 2 Smith L. C., 516-7; *Settle* v. *Winters*, 10 Pac. Rep., 220.

2. The contract or writing will be so construed as to give force and validity to all the parts and to all the language used, where that is possible.

The only instances in which the court will suppress or ignore any parts of the writing, are those in which it becomes necessary, in order to sustain and enforce the contract according to the evident intention of the parties: 2 Parson's Cont., 505-6; *McKinney* v. *Settles*, 31 Mo., 541.

The intention of the parties, as gathered from an inspection of the whole instrument, will be carried out, provided the instrument contains the necessary words, and no violence is done to its language: 31 Mo., 351; *Kenworth* v. *Tullis*, 3 Ind., 99; *Emigrant Co.* v. *Clark*, 62 Ia., 182; *Settle* v. *Winters*, 10 Pac. Rep., 220.

Tested by the above rules, what is the character of this instrument? We contend that it advertises itself, both by matters recited and by its omissions, as being an agreement for a deed, and not as a conveyance.

*a.* It is called in the premises an agreement.

*b.* It recites that a deed in due form is not made, and gives the reason therefor.

*c.* It contains a promise to make a good and sufficient deed in the future.

*d.* It speaks of the deed *to be* made as *said* deed;

whereas, had the intention been to convey the property by this writing in question, the expression would have been undoubtedly *this* deed.

*e.* It speaks of the estate contemplated in this writing, not as the estate *hereby* granted, but as the estate *thereby* granted, an expression inconsistent with the idea that this is a conveyance of the estate.

2. The second question raised is as to the validity of the instrument, assuming it to be a conveyance, in view of the fact that it purports to be a conveyance from the husband to the wife directly, without the aid of trustees.

It is admitted this could not be done at common law, but it is further contended that our statute has so far removed the disability of women as to permit them to take directly from the husband.

The statute (Comp. Laws, p. 342) is general in its terms, and being in derogation of the common law is not to be construed as removing any of the peculiar disabilities arising out of the marriage relation, unless specially enumerated or necessarily implied: 10 Nevada, 43; *White* v. *Wager*, 25 N. Y., 328. Approved, 32 N. Y., 423; *Brown* v. *Fifield*, 4 Mich., 322; *Ransom* v. *Ransom*, 30 Mich., 328; In connection with Const. Mich., 1 Howells, Stat., p. 67; *Sims* v. *Rickets*, 35 Ind., 181; *Hileman* v. *Hileman*, 85 Ind., 1.

*Mr. C. S. Varian,* for the respondent.

The instrument executed by Antonio Cereghino is a *deed.* It contains a description of the property, the names of the parties, and operative words of present grant, together with a statement of sufficient consideration. Nothing more is necessary. See: Washburn on Real Property, Vol. 3, p. 612, (top page 318), 620, 621, (top pages 329, 330); Kent, Vol. 4. p. 461, 492; Coke on Littleton, 7, note "a;" Greenleaf's Cruise, 51; *Kenworthy* v. *Trellis*, 3 Ind., 98; *Pierson* v. *Armstrong*, 1 Iowa, 282; *Chiles* v. *Conley*, 2 Dana (Ky.) 23, 24; *McKinney* v. *Settles*, 31 Mo., 544; *Lambert* v. *Smith*, 9 Oregon, 193; *Patterson* v.

*Cornelius' Heirs,* 3 A. K. Marshall, 621; *American Emigrant Co.* v. *Clarke,* 62 Iowa, 187.

The description is made certain by reference to another deed: Washburn, 3 Vol. p. 367; *Foss* v. *Crisp,* 20 Pick., 124.

Under our law the wife can take directly from the husband: Comp. Laws, p. 342, sec. 1020; p. 262, sec. 647; p. 271, sec. 689; p. 253, sec. 616.

These statutes clearly indicate the legislative intent to do away with the useless and unnecessary distinctions of the past. In equity, conveyances between the spouses were upheld: *Cummings* v. *Friedman,* Wis., Albany Law Journal, March 20, '86, p. 229; *Putnam* v. *Bicknell,* 18 Wis., 351; Bishop's Married Women, Vol. I, sec. 717.

Similar laws are so construed: *Barker* v. *Koneman,* 13 Cal., 10; *Kohner* v. *Ashenaum,* 17 Cal., 578-581; *Dow* v. *Gould,* 31 Cal., 629; 31 Cal., 653; *Herssey* v. *Castle,* 41 Cal., 239; *Woods* v. *Whitney,* 42 Cal., 361; *Higgins* v. *Higgins,* 46 Cal., 263; *Amperse* v. *Burdeno,* 5 Am. L. Reg. 275 Mich.

BOREMAN, J.:

The respondent instituted suit against one Einberg for the possession of a certain tract of land described in the complaint. Einberg answered that personally he had no connection with the title to the property, and that he held possession of it as the tenant of Henry Wagener, and not otherwise. Wagener intervened, claiming the property under some deed, but from whom it does not appear. The cause was tried by the court without a jury, the same being waived, and judgment was entered for respondent, and thereupon the cause was appealed by said Wagener, the intervenor, to this court. The respondent claims title under an instrument in writing executed by her husband, Antonio Cereghino, which is in words and figures following, to-wit:

"This agreement, made this twenty-third day of January, A. D. 1880, by and between Antonio Cereghino, of Bingham canyon, Salt Lake county, Utah, and Giovanni Cereghino, his wife, of the same place, witnesseth that, in

consideration of the love and affection, and in recognition of how much her personal services have contributed to the acquisition of the following described property, said Antonio hereby gives and deeds to his said wife, Giovanni, the two lots in the Fifth ward, of Salt Lake City, Salt Lake county, Utah Territory, now occupied by S. Webb as tenant of said Antonio; the reason for not making a deed in due form being that said Antonio cannot to-night get a description sufficient for legal identification of said premises, the said being the premises conveyed him by deed from Helen Garbet, now of record in the recorder's office of said county; and said Antonio promises to make good and sufficient deed thereof at any time upon demand. But said deed, and the estate thereby granted, and the estate granted by deed of this date to an undivided half of the premises in Bingham, upon which are situate the building occupied by said Antonio and Giovanni as a dwelling-house and for a saloon, are to be void, should said Giovanni Cereghino desert her husband without legal cause therefor.

"Witness my hand and seal this twenty-third day of January, A. D. 1880.

· his .
"ANTONIO X CEREGHINO.
mark

"In presence of
        "W. W. WOODS,
        "S. MALTESE."

[A formal acknowledgment was added.]

The appellant maintains that the foregoing instrument is not a deed of conveyance, and was not so understood by the parties at the time of execution. The intention of the parties is to be gathered from a consideration of the whole instrument. · From an inspection of the instrument, it appears that Antonio intended thereby to convey the property to respondent by a deed of gift, and that, if the description were found insufficient, he would make a subsequent formal deed, on demand; but that the whole deed, and the estate conveyed, were to be void if said respondent should ever desert her husband without legal cause

therefor. Such being clearly the purpose of the writing, and no such desertion as specified having been shown, it follows that the instrument stands.

But the appellant urges that it does not contain the elements of a deed. It contains the names of the parties to it, and the consideration, and a description of the property. It is true the description is not by metes and bounds, nor by numbers, but it is identified by reference to another deed then on record. *"Id certum est quod certum reddi potest."* These elements, taken with the words "gift" and "deed," are sufficient to constitute the writing a deed of conveyance: Co. Litt. 7, note A.; 4 Kent, Comm. 461, 462; Greenl. Ev. 51; 3 Washb. Real Prop. 612, 620, 621; and especially 3 Washb. Real Prop. 367; *Foss* v. *Crisp*, 20 Pick., 124.

The appellant insists that, assuming the writing to be a deed of conveyance, still it is invalid because it purports to convey the property by the husband to his wife without the aid of trustees. By section 1020, Comp. Laws Utah, 342, as amended, (Laws 1880, p. 14), married women are authorized to take property by gift, purchase, etc., and to hold, manage, and transfer same, without limitation or restriction by reason of marriage; and the section next following (1021) authorizes married women to sue and be sued alone. It seems clear from these sections that it was the intention of the legislature to do away with the trustee requirement, and to place the wife upon the same footing regarding her property as the husband is regarding his.

It is further contended that the court below erred in excluding evidence offered by the intervenor to show that the provision in the deed regarding desertion had been violated. To this end the complaint in a divorce suit was offered, alleging the wrongs and grievances of this respondent; but it does not appear that anything was settled by that action, as it was dismissed by agreement. Another complaint, filed by her for divorce, was also offered in evidence. It showed that she had abandoned her husband, but it does not show that said desertion was without legal cause; and Exhibit E, offered by appellant, showed that

respondent did not violate the conditions of the instrument. We do not see that there was any error in excluding the evidence offered, nor any error in the case.

The judgment is affirmed, with costs.

ZANE, C. J., and POWERS, J., concurred.