JOSHUA W. CARR *vs.* GRACE L. FRYE & others.

Middlesex.    November 14, 1916. — January 6, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Deed,* Alteration.    *Trust,* Resulting.    *Land Court,* Exceptions.

If the grantee in a completed deed of land, after the deed is delivered to him but before it is recorded, causes his name to be erased as grantee and that of his wife to be substituted therefor and thereafter the deed is recorded, his estate is not divested but remains his property and is not transferred to his wife and, although the record title stands in her name, the Land Court properly may grant a petition by him for registration of the title in his name.

Where, at the hearing of a petition in the Land Court for the registration of the title to certain land, it appears that the land was purchased in part with money which had been given to the petitioner by his wife from the proceeds of the sale of property that had stood in her name and that had been purchased with money which had been given to the wife by the husband, it is proper for the court to rule that there was no resulting trust in the land for the wife's benefit.

A finding of a judge of the Land Court that he disbelieved certain evidence cannot be reviewed upon a bill of exceptions.

PETITION, filed in the Land Court on August 24, 1915, for registration of the title to certain land in Maynard. The respondents, who were children of the petitioner, claimed title through their mother in whose name the record title to the land stood under the circumstances stated in the opinion.

In the Land Court the petition was heard by *Davis,* J., who found

among other facts those stated in the opinion and who ordered a decree for the petitioner. The respondents alleged exceptions.

The case was submitted on briefs.

*T. Hillis,* for the respondents.

*H. A. Wilson, F. Juggins & T. F. Murphy,* for the petitioner.

CARROLL, J. This is a petition to the Land Court for registration of the title to certain real estate in Maynard, alleged to be owned by the petitioner and claimed by Grace L. Frye (a married daughter), Alice, Leslie and Edith M. Carr, all children of the petitioner and of Annie L. Carr, his wife, who died in 1910.

The petitioner formerly lived in Marlborough, occupying a dwelling house and land, the title to which was in his name. In 1896 he sold this property and purchased land on Acton Street, Maynard, taking title thereto in his wife's name. In June, 1904, at the request of his wife he sold the Acton Street property and bought the land now in question, the purchase price being $2,200. In making payment for this land he used the $1,700 received from the sale of the Acton Street property and $500 of his own money, and, with his son by a former wife, built the house and barn thereon. It was found that a Mr. Tuttle, a surveyor and justice of the peace, at the request of the grantor, George A. Whitney, in June, 1904, made a deed of the land (the title to which is sought to be registered) to the petitioner as grantee. The deed was delivered, the petitioner placing it in his safe, where it remained until 1905, when, fearing he might be liable to attachment because of some contracts he had made, he requested Mr. Tuttle to transfer the title to Mrs. Carr. Thereupon Tuttle erased from the deed the name of the petitioner as grantee and inserted in place thereof the name of his wife, Annie L. Carr. A year later the deed was recorded. The petitioner and Mrs. Carr lived on the premises until her death.

The Land Court ruled that while the alteration of the deed invalidated the instrument, it did not divest the petitioner of his title, and that there was no resulting trust held by him for or on behalf of his wife, Annie L. Carr.

When the deed from Whitney to the petitioner was delivered to him, the estate vested in him, and between the parties the conveyance was as effectual as if the deed had been recorded. The erasure of his name and the insertion of the name of Mrs. Carr did not divest him of his estate nor transfer it to her. It was his property

and remained so, although the record title was in her name. *Bacon* v. *Hooker,* 177 Mass. 335. *Kendall* v. *Kendall,* 12 Allen, 92. *Hatch* v. *Hatch,* 9 Mass. 307. "The instruments may become invalid, so that no action can be maintained upon the covenants contained in them, and yet the titles which have been acquired under them remain unaffected. When a person has become the legal owner of real estate, he cannot transfer it or part with his title, except in some of the forms prescribed by law. The grantee may destroy his deed, but not his estate." *Cheesman* v. *Whittemore,* 23 Pick. 231, 234. The Land Court was right, in ruling that the alteration in the deed did not divest the petitioner of his title.

It was found that the record title to the Acton Street property was in the name of Mrs. Carr, but it was purchased with money given her by her husband; when this estate was sold the purchase price was given to him, and although a part of the consideration for the land in dispute was paid from this gift, no trust resulted to her. The $1,700 paid to the petitioner being a gift to him from his wife, the entire consideration was paid by him and none of it was contributed by her. Under these circumstances, the principle that a trust results in favor of the person paying the consideration, has no application. See *Pollock* v. *Pollock,* 223 Mass. 382; *Lufkin* v. *Jakeman,* 188 Mass. 528, 530; *Cooley* v. *Cooley,* 172 Mass. 476. See also *Bourke* v. *Callanan,* 160 Mass. 195; *McGowan* v. *McGowan,* 14 Gray, 119.

The respondents offered evidence tending to show that the petitioner held the estate in trust for his wife; but the judge of the Land Court did not believe the testimony and so found. This finding of fact is final, and cannot be reviewed. St. 1910, c. 560, § 1.

*Exceptions overruled.*