412 P.2d 613

Anita HUGHES, Plaintiff and Appellant,

v.

Owen Kent McCORMICK, Defendant and Respondent.

No. 10465.

Supreme Court of Utah.

March 31, 1966.

---

Richard B. Woolley, Salt Lake City, for appellant.

Sumner J. Hatch, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

This case was instituted with a complaint that simply said defendant was the father of plaintiff's children,—nothing else. The trial court is affirmed.

An answer was filed stating as a defense that plaintiff was married to someone else. Plaintiff did not deny this, which she could have done for nigh on to a year, at any time before pre-trial, by affidavit or otherwise,—but which she didn't.

Defendant was right in citing Holder v. Holder [1] with respect to the presumption of legitimacy if a child is born in wedlock, —which was the issue joined here,—and admitted by plaintiff's failure to refute it before or at pre-trial. Therefore, she was out of court for failure to sustain her burden, by pleading, or proffer of proof on an essential element of her cause of action. After issue joined it was her duty to show nonaccess to her husband, and it was in no way incumbent upon defendant to show access or anything else until plaintiff sustained the burden of proof.

To decide otherwise is to misinterpret the rules of civil procedure, which would mean that a litigant should not plead anything, but wins for the very reason that he presented nothing to the court by way of pleading, affidavit, deposition or anything else to substantiate his claim.

McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, Justice (dissenting).

If we confine our consideration of this case strictly to the record brought here, as we should do, it seems to me that a serious injustice is done by the peremptory rejection of plaintiff's complaint at pre-trial. The record is meager indeed. It consists of the terse pleadings: plaintiff's averment that the defendant is the father of her two children, ages 4½ and 1½; and that he should support them; and the defendant's

1. 9 Utah 2d 163, 340 P.2d 761.

answer, denying the charge and affirmatively alleging that she is married to another man.

There is no transcript of the pre-trial hearing, and there is no indication whatsoever in this record as to what manner of proof the plaintiff may be able to present in support of her claim, or as to what transpired at that hearing, except that on the bottom of a succinct pre-trial order, which is somewhat enigmatical to me, there is typed the following:

The matters pertaining to the action were discussed at the time of pre-trial.

At the time of pre-trial defendant's counsel made a motion for summary judgment based on Holder v. Holder, 9 Utah 2d 163 [340 P.2d 761] and *the defendant* feels the common law rule has not been changed by statute.

Based thereon the motion for summary judgment is granted. (Emphasis added.)

It is neither surprising, nor is it of any significance that the defendant "feels" that the common law rule (I am not sure which one) has not been changed, and that he thinks he should prevail in the action. But his "feeling" in the matter is hardly a justification for dismissing the plaintiff's case without giving her an opportunity to show what she may be able to prove.

The significant point is that the fact plaintiff is married to another is not an absolute and conclusive defense to the charge against the defendant. In this connection it is appropriate to state that I am in full accord with the case of Holder v. Holder referred to in the main opinion. In connection therewith I agree with these propositions: (a) There is a presumption that the children born to the plaintiff during marriage are the legitimate children of herself and of her husband; (b) that this is one of the strongest of presumptions, which could be overcome only by evidence proving to the contrary beyond a reasonable doubt; and (c) that such evidence must come from sources other than the plaintiff because under the Lord Mansfield rule, which I firmly believe in, neither husband nor wife should be permitted to give testimony which might tend to illegitimize children born to the wife during the marriage.

In view of the foregoing admitted restrictions as to proof, it may be conjectured that the plaintiff could not in any event prove her case beyond a reasonable doubt. But this very sparse record does not disclose whether plaintiff will prove her case by showing nonaccess, impotency, or anything else, nor by what witnesses or other manner of proof she may employ. In the absence of any such indication in the record, I cannot see how it could be anything other than conjecture to conclude that she would fail in her proof. However, if we were to take the liberty of indulging in

conjecture beyond the record there could be mentioned the recitals that the plaintiff has not lived with her husband for seven or eight years; that the defendant fathered these children; that he accompanied her to the hospital at the birth of both children and that both children were placed on the birth certificates in the name of the defendant.

I emphasize that, except for the issue raised in the complaint and answer, the statements just made, and any other statements as to the claims of the parties, are outside of the record; and I reiterate that from anything contained therein it is impossible to tell what manner of proof the plaintiff may be able to offer. It is my opinion that the case should be remanded for determination as to whether she might muster competent evidence upon which there is a reasonable likelihood that a court or jury may be convinced beyond a reasonable doubt that the defendant is the father of these children; and if so, to grant her a trial. Turning her out of court without a showing as to what her proof may be could result in injustice to the plaintiff, and more importantly, to these children.

WADE, Justice (dissenting).

I concur with Mr. Justice Crockett's dissenting opinion. I think the rules should be amended to clearly state what we hold them to mean.