413 P.2d 807

**CONTROLLED RECEIVABLES, INC.** and
Claude D. Harman, Plaintiffs
and Appellants,

v.

Don HARMAN and Lila Harman, his wife,
William Blake Harman, aka Blake Har-
man, and Colleen Harman, his wife, De-
fendants and Respondents.

No. 10403.

Supreme Court of Utah.

May 4, 1966.

McKay & Burton, Reed H. Richards, Barrie G. McKay, Salt Lake City, for appellants.

Mabey, Ronnow, Madsen & Marsden, Gordon A. Madsen, Salt Lake City, for respondents.

CALLISTER, Justice.

Plaintiff, Claude D. Harman, and his successors in interest, Controlled Receivables, Inc., initiated this action to quiet title to a parcel of land situated in Salt Lake County and to have certain deeds, under which defendants claimed an interest as

joint tenants, set aside and declared null and void. In essence, plaintiff, Claude, based the invalidity of the deeds on the ground that there was no delivery or that the deeds were intended to take effect only upon his death and were therefore an invalid attempt to make a testamentary disposition of his property. The trial court granted defendants' motion for summary judgment and dismissed the action.

Plaintiff, Claude, was the sole owner of two parcels of land. On one of these, which consisted of 1¼ acres, was a home where he resided with his wife, until her demise in 1942, and his children. The other parcel consisted of 8⅓ acres of ground and was situated to the northeast of the smaller parcel.

According to widower, Claude, in 1947, while his children were still minors residing with him in this home, he accepted the advice of his brother and sister-in-law and participated in certain conveyancing arrangements, which he understood would provide, in the event of his death, an equal division of his property among his children and avoid probate and its attendant expenses. Claude, as grantor, executed a deed to his brother, Franklin Harman, as grantee. Franklin, acting as a strawman, executed a deed to grantees, Claude and his four minor children, as joint tenants and not as tenants in common. These deeds were recorded at the request of plaintiff's brother, Franklin; and Claude has retained possession of them throughout the years. Plaintiff continued to occupy the home and pay taxes and maintenance expenses as he had done prior to the recording of the deeds.

In 1963, Claude negotiated the sale of the 8⅓ acre parcel; in connection with this transaction, he obtained a correction deed from his brother, Franklin, and his wife, which again designated the father and four children as grantees and joint tenants. The children executed quitclaim deeds to the vendees in connection with this sale.

In 1964, Claude decided to sell the remaining 1¼ acre parcel and requested his children to execute quitclaim deeds; two of the children complied, but Blake and Don refused, thus this legal action was commenced.

Plaintiff contends that at the time of the execution of the deeds in which the joint tenancy with his children was created, he had no intention of passing any present interest in the property but was merely utilizing a device which his brother had advised him would take effect only upon death. Don and Blake Harman, the defendants, dispute their father's assertion, and claim that they have had knowledge of the deeds since childhood and that he had told them that all the children had an interest in the property with him as joint tenants and that he had assured them he could not sell it without their signatures.

The trial court, on the basis of the pleadings and the foregoing facts disclosed by depositions, granted respondents' motion for summary judgment.

■ A motion for summary judgment is a harsh measure, and for this reason plaintiff's contentions must be considered in a light most to his advantage and all doubts resolved in favor of permitting him to go to trial; and only if when the whole matter is so viewed, he could, nevertheless, establish no right to recovery, should the motion be granted.[1]

■■ Before discussing the evidentiary facts, certain fundamental rules of law should be set forth. Of prime importance is the rule that one who asserts the invalidity of a deed must so prove by clear and convincing evidence.[2] The recording of a deed raises a presumption of delivery,[3] which presumption is entitled to great and controlling weight and which can only be overcome by clear and convincing evidence.[4]

■ The fact that Claude did not personally cause the deeds to be recorded is of no consequence, for they were delivered to him with the recorder's stamp affixed thereon and remained in his possession for more than fifteen years. If the deeds were, in fact, recorded by his brother, it was as Claude's agent. Furthermore, the recording by the brother is perfectly consistent with the transaction, for he was the grantee in the first deed and grantor in the second.

■ With respect to the fact that Claude retained possession of the deeds, it is of little or no significance in rebutting the presumption of delivery in this case. A delivery to one cotenant is generally regarded as a delivery to all.[5] This rule is particularly applicable in the instant case, for at the time of the execution of the conveyance Claude's children were all minors. It is only natural that he, as parent and guardian, should be the custodian of the deeds.[6]

■ Claude's payment of the taxes and maintenance expenses and his possession of

1. Samms v. Eccles, 11 Utah 2d 289, 358 P.2d 344 (1961).

2. Northcrest, Inc. v. Walker Bank & Trust Co., 122 Utah 268, 248 P.2d 692 (1952).

3. Allen v. Allen, 115 Utah 303, 204 P.2d 458 (1949). The court stated at p. 308 of the Utah report, at page 461 of 204 P.2d: " * * * The recording of the deed and placing the names of others on the property is somewhat in the nature of a public declaration that she intended the instrument to become effective immediately. People as a rule do not deliberately put a flaw in the title to their property, thereby handicapping its later disposal, unless they really intend to transfer some interest to the person whose name is thus placed in the record."

4. Chamberlain v. Larsen, 83 Utah 420, 29 P.2d 355 (1934).

5. Herr v. Herr, 13 N.J. 79, 98 A.2d 55 (1953); 23 Am.Jur.2d p. 149.

6. 23 Am.Jur.2d p. 161.

the property are not inconsistent with the delivery, for here again an important factor is the minority of his children at the time of the transaction. This court in Chamberlain v. Larsen,[7] stated at page 438, 29 P.2d at page 363:

"That the grantor, after the execution of the deed, continued to pay the taxes on the property, carried the insurance in her name, and expressed to various persons a desire to sell a part or all of the property is not, when the relationship between the grantor and grantee is taken into consideration, inconsistent with an actual delivery of the deed." [8]

■ Finally, Claude's testimony that he did not intend title to pass prior to his death is self-serving and inconsistent with his actions. Certainly, it is not evidence of a character which would overcome the presumption of delivery.[9] Claude's contention that the deeds were executed to avoid probate does not necessarily imply a lack of delivery. To the contrary, in order to effectuate this purpose delivery of the deeds was essential.[10] Furthermore, his assertion that the deeds were void because they were an invalid attempt to make a testamentary disposition is without merit. In Halleck v. Halleck,[11] the Oregon court stated:

" * * * The fact that the owner desires to avoid the execution of a will does not render void his attempt to use a legitimate substitute. * * * The law prohibits only an unattested disposition that takes effect in a testamentary manner. If an owner of property can find a means of disposing of it inter vivos that will render a will unnecessary for the accomplishment of his practical purposes, he has a right to employ it.

The fact that the motive of a transfer is to obtain the practical advantages of a will without making one is immaterial."

7. See note 4, supra.
8. Also see Burnham v. Eschler, 116 Utah 61, 66, 68, 208 P.2d 96 (1949); Woolley v. Taylor, 45 Utah 227, 144 P. 1094 (1914), where this court observed that the fact the father stayed in possession, paid the taxes and insurance, and made improvements was not inconsistent with ownership in his daughter, the grantee, who had no means of her own. "That was but natural for a father to do for his daughter, and is unlike a case of a claimed grant in praesenti to a stranger where the grantor remained in possession, improved the property, and paid the taxes."

9. In Allen v. Allen, see note 3, supra, this court observed that the facts were consistent with forgetfulness or misunderstanding of the legal effect by the grantor of what she did or with a change of mind or desire at a subsequent date but that they were not necessarily probative of a knowledge that she did not convey or did not intend to convey her land at the time. The court therefore held that the evidence did not rebut the presumption of delivery arising by virtue of recordation under the circumstances.
10. Herr v. Herr, see note 5, supra; Halleck v. Halleck, 216 Or. 23, 337 P.2d 330 (1958).
11. See note 10, supra.

In the instant case, the recording of the deeds raised a presumption of delivery which could only be overcome by clear and convincing evidence. It has been held that where, as here, the deeds are a voluntary settlement to minor grantees, the presumption is even stronger than in a case of bargain and sale.[12]

In view of the foregoing the court properly concluded that the deeds were effective and that this is the only reasonable conclusion even in the event of a trial. The lower court properly granted summary judgment in favor of the defendants.

McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, C. J., does not participate herein.

WADE, Justice (concurring):

I concur. However, I think that since our opinion in Dupler v. Yates[1] we have not followed the plain meaning of Rule 56 (c), U.R.C.P., to the effect that a summary judgment should not be granted where there is a genuine issue as to a material fact, and I think that the above Rule should be changed to conform to our decisions.

12. Kunkle v. Johnson, 268 Ill. 442, 109 N.E. 279 (1915).
1. Dupler v. Yates, 10 Utah 2d 251, 351 P.2d 624. See also my concurrence with

the dissenting opinion of Justice Crockett in Hughes v. McCormick, Utah, 412 P.2d 613, decided March 31, 1966.