Jenny Johanson **NORLING**, Plaintiff and Respondent,

v.

Joseph **ANDERSON**. et al., Defendants and Appellants.

Nos. 13769, 13764.*

Supreme Court of Utah.

May 15, 1975.

William H. Henderson, Salt Lake City, for defendants and appellants.

J. Richard Bell of Bell & Bell, Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from a judgment annulling a deed. Affirmed, with costs to Norling.

This is a family dispute having to do with the alleged disposition by deed to June, one of her daughters, of a home owned by Mrs. Norling, elderly mother of six children. One of June's sisters joined June's battalion, which was attacked by a division composed of the other four children and the plaintiff mother herself.

The usual sardonics that attend contests over property claimed as a matter of right for a consideration based only on kin or heirship, or love and affection, were unconcealed here, and as is wont to be in many similar cases, these people, without any further quid pro quo than that recited above, joined all their voices in a discordant chorus, to sing an old refrain: "It's mine."

The voluminous record in this case belies the factual simplicity of this case, and the basic problem involved: Whether Mrs. Norling, at a meeting with her attorney and June, executed and delivered an irrevocable or a conditional deed of her home to June and her husband, i. e., was the deed in the nature of an instrument *ambulatoria voluntis,* such as is a will or a codicil to a will, or a forever-ever immalleable conveyance of a fee simple title.

We have examined the evidence in the lengthy record here, together with the written findings and conclusions of the trial judge which briefly were as follows:

On August 2, 1973, Mrs. Norling executed a codicil to her will which recognized

* These cases combined for purposes of appeal.

the execution of the deed changing the devisees as she had done several times before, in which cases there never had been deemed a delivery as to similar deeds to others so as to effect a conveyance.[1] Then the deed involved here was executed by Mrs. Norling, in the presence of the persons named above. It was handed by her attorney to June, who initialed it as a token of delivery, and returned it to the attorney, who placed it "in a sealed envelope" (a bit of Houdini routine), which was handed to Mrs. Norling, who took the sealed envelope home, opened it, studied it, (presumably the deed, not the envelope), "placed it, [presumable the deed some more], in a new envelope, sealed it, taped it, and wrote her name on the envelope," after which she placed it in her safety deposit box. The court found that "there was not a valid delivery of the said deed" and it represented no authority granted to June to remove the deed and record it, as was done by the grantees on January 11, 1974, at which time Mrs. Norling "was very ill, recovering from an operation and pneumonia, not of sound and disposing mind, unable to look after her own affairs, and not mentally capable of authorizing a delivery or recordation thereof," which was void.

The conclusions of law, insofar as they apply to this deed, stated that it "should be declared void and of no legal, binding effect."

The facts and conclusions abstracted above amply were supported by substantial, admissible evidence, that, without recitation of traditional and familiar concepts of appellate review where there may be some conflict in the evidence, of consequence impels us to affirm the trial court.

The defendants rely heavily on Jordan v. Jordan[2] in support of their only point on appeal: That there was an irrevocable delivery. That case is different in two respects. The grantor's lips were sealed by death, whereas the grantor in the instant case was alive and testified, and the issue and law of that case were the basis for a question of competency to deliver.

The only other case of passing interest, cited by defendants in support of their contention is Losee v. Jones,[3] which is inapropos here, since it has to do with a delivery to a trustee who was interdicted to deliver a deed to the grantees after death of the grantor,—which problem, if canvassed here, would initiate a brand new ball game.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

---

1. The fact Mrs. Norling executed the codicil before or simultaneously with the deed, strongly points to an intention that both were intended to be ambulatory and hence conditional as to delivery of the deed.

2. 21 Utah 2d 348, 445 P.2d 765 (1968).

3. 120 Utah 385, 235 P.2d 132 (1951).