**Francis E. WIGGILL, Executor of the Estate of Lillian Wiggill Cheney, Plaintiff and Respondent,**

v.

**Flora CHENEY, Ethelyn Ford, et al., Defendants and Appellants.**

No. 16068.

Supreme Court of Utah.

July 16, 1979.

Handy, Dutson & Sampson, George B. Handy, Ogden, for defendants and appellants.

I. Gordon Huggins, Ogden, for plaintiff and respondent.

MAUGHAN, Justice:

This case involves the disposition of certain real property located in Weber County, State of Utah. The judgment before us invalidated a Warranty Deed, because of no valid delivery. We affirm. No costs awarded.

The material facts are undisputed. Specifically, on the 25th day of June, 1958, Lillian W. Cheney signed a deed to certain real property located in the city of Ogden, Utah, wherein the defendant, Flora Cheney, was named grantee. Thereafter Lillian

Cheney placed this deed in a sealed envelope and deposited it in a safety deposit box in the names of herself and the plaintiff, Francis E. Wiggill. Following the deposition of the deed, Lillian Cheney advised plaintiff his name was on the safety deposit box and instructed plaintiff that upon her death, he was to go to the bank where he would be granted access to the safety deposit box and its contents. Lillian Cheney further instructed, "in that box is an envelope addressed to all those concerned. All you have to do is give them that envelope and that's all." At all times prior to her death, Lillian Cheney was in possession of a key to the safety deposit box and had sole and complete control over it. Plaintiff was never given the key to the safety deposit box.

Following the death of Lillian Cheney, plaintiff, after gaining access to the safety deposit box, delivered the deed contained therein to Flora Cheney, the named grantee.

The sole issue presented here on appeal is whether or not the acts of plaintiff constitute a delivery of the deed such as will render it enforceable as a valid conveyance.

The rule is well settled that a deed, to be operative as a transfer of the ownership of land, or an interest or estate therein, must be delivered.[1] It was equally settled in this and the vast majority of jurisdictions that a valid delivery of a deed requires it pass beyond the control or domain of the grantor.[2] The requisite relinquishment of control or dominion over the deed may be established, notwithstanding the fact the deed is in possession of the grantor at her death, by proof of facts which tend to show delivery had been made with the intention to pass title and to explain the grantor's subsequent possession.[3] However, in order for a delivery effectively to transfer title, the grantor must part with possession of the deed or the right to retain it.[4]

The evidence presented in the present case establishes Lillian Cheney remained in sole possession and control of the deed in question until her death. Because no actual delivery of the deed occurred prior to the death of the grantor, the subsequent manual delivery of the deed by plaintiff to defendant conveyed no title to the property described therein, or any part thereof, or any of its contents.[5]

CROCKETT, C. J., and HALL, WILKINS and STEWART, JJ., concur.

1. *Peck v. Rees,* 7 Utah 467, 27 P. 581 (1891).

2. *Losee v. Jones,* 120 Utah 385, 235 P.2d 132, 136 (1951); see *Singleton v. Kelly,* 61 Utah 277, 212 P. 63, 66 (1922); *Wilson v. Wilson,* 32 Utah 169, 89 P. 643, 645 (1907); see generally 23 Am.Jur.2d § 89.

3. See *Losee v. Jones,* supra; see also Am. Jur.2d § 100; but see *Norling v. Anderson,* Utah, 535 P.2d 1252 (1975), (where the facts were found insufficient to prove prior delivery).

4. *Younge v. Guilbeau,* 3 Wall. 636, 641, 18 L.Ed. 262 (1865); *Peck v. Rees,* supra, at 584.

5. Concerning the contention that the grantor intended title to pass, the applicable rule was explained in *Singleton v. Kelly,* supra., at 66, where this court stated, "that is true (the courts will carry out the grantor's intention whenever this is possible), but without any evidence of delivery, it can be of no importance whatever what the intentions of the grantor in this case were. One may have an intention to convey his property to another, but unless the deed is delivered to the grantee, or someone for him, title cannot pass, and the undelivered deed is a nullity."