Stephen T. COOKE, Plaintiff
and Appellant,

v.

Robert J. MORTENSEN and Luana J.
Mortensen, Defendants and
Respondents.

No. 16730.

Supreme Court of Utah.

Jan. 6, 1981.

Tena M. Campbell, Fabian & Clendenin, Salt Lake City, for plaintiff and appellant.

Raymond M. Berry, Snow, Christensen & Martineau, Salt Lake City, for defendants and respondents.

MAUGHAN, Chief Justice:

■ Plaintiff, a tenant in an apartment owned by defendants, brought this action to recover for personal injuries sustained when he endeavored to open a window which had been painted shut and upon doing so fell through the window, thereby causing the injury. Specifically, plaintiff entered into a written lease agreement with defendants in August of 1976. The apartment had been recently remodeled and during the remodeling the windows had apparently been painted shut. Plaintiff claims that he thrice requested defendants to open the windows and they agreed to do so. Defendants on the other hand deny any such communications.[1]

---

1. In reviewing summary judgments, this Court will review conflicting contentions in a light most favorable to the party against whom the judgment is entered. *Controlled Receivables v. Harman*, 17 Utah 2d 420, 413 P.2d 807 (1966).

**676**

Plaintiff alleges that because the windows were stuck, the apartment became hot and stuffy due to the lack of ventilation. In order to remedy the situation, plaintiff managed, without incident, to unstick one of the four windows. Subsequently, in June of 1977, plaintiff sustained the injuries involved herein when he undertook to open the remaining windows. In order to reach the windows, he constructed a "platform" consisting of an overturned garbage can with two 2″ × 4″ boards placed across the can. Barefooted, he climbed atop this platform and began hammering the window sill. As he was so doing, he lost his footing, fell through the can, tipped over and sustained the injuries alleged herein when his arm and hand went through the window pane.

Upon the defendants' Motion for Summary Judgment, the court concluded that the plaintiff's injuries were not a foreseeable result of defendants' actions and further that such actions were not the proximate cause of plaintiff's injuries but rather that the proximate cause was solely that of plaintiff's negligence and accordingly granted defendants' Motion. We affirm the Court's order.

Upon the factual situation set forth herein we note that while there may have been negligence on the part of the defendants, such negligence does not automatically render them liable. One who is aware of a potentially dangerous condition and fails to take appropriate evasive action or, as here, affirmatively acts in a manner that activates or aggravates the otherwise latent negligence of the defendant cannot later be heard to complain against that negligence.[2]

Further, and again assuming defendants' negligence, we concur with the trial court that the landlords' failure to unstick a window could not reasonably be calculated to result in the injury incurred herein. Rather, this injury was caused by the independent and intervenery action of the plaintiff. When there exist two possible causes for an injury, and these causes are independent of each other, the later and intervening cause is generally to be viewed as the proximate cause of the accident.[3] The trial court found that the cause in this matter consisted of plaintiff's ill-advised construction of and climbing onto the garbage can structure and we find no basis for disturbing that decision. No costs awarded.

HALL, STEWART and CROCKETT,* JJ., concur.

WILKINS, J., heard the arguments but resigned before the opinion was filed.

---

**2.** *Hillyard v. Utah By-Products Co.*, 1 Utah 2d 143, 263 P.2d 287 (1953).

**3.** *Toma v. Utah Power & Light Company*, 12 Utah 2d 278, 365 P.2d 788 (1961).

