**BEKINS BAR V RANCH, a Utah corporation, Plaintiff and Appellant,**

v.

**BERYL BAPTIST CHURCH OF BERYL, IRON COUNTY, Utah, aka Beryl Baptist Church, Defendant and Respondent.**

No. 17497.

Supreme Court of Utah.

Feb. 9, 1982.

J. McArthur Wright, of Atkin, Wright, & Miles, St. George, for plaintiff and appellant.

Hans Chamberlain, Cedar City, for defendant and respondent.

HALL, Chief Justice:

Plaintiff sought to set aside a warranty deed conveying real property. From a directed verdict entered against it, plaintiff appeals.

Briefly abstracted, the facts giving rise to this dispute may be stated as follows. In 1973, Floyd and Dorothy Bekins conveyed property owned by them to Bekins Bar V Ranch, a Utah corporation. The principal stockholders of said corporation were Floyd and Dorothy Bekins, the former serving as its president. Employees of the corporation included Vern Pickrell, manager of the ranch property, and John McGarry, bookkeeper. Pickrell and McGarry were also officers in defendant Beryl Baptist Church.

Sometime prior to February 18, 1975, McGarry prepared a warranty deed which provided for the conveyance of real property [1] from plaintiff to defendant. McGarry

---

1. Approximately one acre of land upon which a quonset hut is located.

mailed the unsigned deed to Floyd Bekins in California. Bekins purportedly signed the deed and had it notarized on November 25, 1974. The deed itself bears the date February 18, 1975. At the request of Pickrell, the deed was recorded on February 19, 1975.

In early 1975, Bekins agreed to sell the ranch to one Fain, who took possession and started managing the property in February or March, 1975.[2] About this time, Fain fired Pickrell and shortly thereafter, McGarry resigned. Later that year in attempting to collect rent from the residents of the quonset hut, Fain allegedly discovered the adverse claim of defendant church.

In 1976, McGarry consulted with an attorney who erased from defendant's deed the February 18, 1975 date and substituted November 25, 1974, the same date as the notarization. A recitation of consideration of ten dollars was also added and on May 7, 1976, the deed was again recorded, with the notation "DEED re-recorded for correction."

In September, 1976, plaintiff filed suit to set aside the deed to defendant, alleging fraud. At the trial in September, 1980, McGarry and Fain were called as witnesses.[3] Immediately following the trial, defendant moved "for a directed verdict by reason of failure on the part of plaintiff to establish a prima facie case, as alleged in their complaint, of fraud." The trial court granted defendant's motion and ordered that defendant have judgment against plaintiff, no cause of action.

On appeal, plaintiff asserts two points: (1) there was not a valid delivery of the Warranty Deed from plaintiff to defendant, because the deed was in the possession of employees of the grantor until such time as it was recorded and said employees had no authority to record at the time they did so; and (2) the recording of the Warranty Deed, purporting to convey title to the parcel of real property, was fraudulent and voidable because of such fraud, or, at least without the grantor's authority and therefore voidable.

Plaintiff's challenge to the delivery of the deed must fail inasmuch as the point is raised for the first time on appeal. Plaintiff introduced no evidence at trial which would indicate lack of delivery. It seems to have been understood by both parties that delivery was made. In its complaint, plaintiff alleged "[t]hat on information and belief, the said Vern A. Pickrell represented and accepted said Deed on behalf of the defendant." Prior to the court's ruling, plaintiff never amended its pleadings in any way to assert lack of delivery. After both parties had presented their evidence, defendant moved for a directed verdict on the ground that plaintiff had not met its burden to establish a prima facie case as alleged in the complaint (fraud). Once both parties have rested and the court has ruled on the sufficiency of plaintiff's case it is simply too late to inject a new issue into the case.[4] Having failed properly

---

2. Fain testified that he took possession of the ranch on February 5, 1975. Ultimately, the agreement between Bekins and Fain took the form of an "Agreement for Sale of Stock" of the corporation. By the terms of that document, dated December 23, 1975, Fain acknowledged that he took possession of the property on March 17, 1975.

3. Apparently Floyd and Dorothy Bekins died prior to trial. It is of note that in listing property owned by the corporation in 1978, Bekins did not include the one-acre tract which is the subject of this lawsuit.

4. The only challenge to delivery occurred after the court had granted defendant's motion. Following the ruling of the court, counsel for plaintiff commented, "I don't think there is any evidence that there was delivery to the Beryl Baptist Church." The judge responded by saying that he thought *plaintiff* had represented in its opening statement that McGarry was an "agent, officer of the Beryl Baptist Church." The record reflects the accuracy of the court's observations wherein plaintiff's counsel made the following remarks in his opening statement: "But that the officers of that corporation [defendant church] were well aware of the sale of the property. As a matter of fact, the two officers that are aware, of the Beryl Baptist Church, were Vern Pickrell and John McGarry, who were employed by Bekins Bar V Ranch."

to challenge the delivery below, plaintiff is precluded from raising the issue on appeal.[5]

 Plaintiff's contention that the recording of the conveyance was fraudulent is without merit inasmuch as a conveyance of real property is valid and binding *between parties*, even without recordation.[6] The basic purpose of the recording laws is to give notice to third-party purchasers of real property. The conveyance in the instant case was from Bekins Bar V Ranch (a corporation) to Beryl Baptist Church. The entity Bekins Bar V Ranch, irrespective of who owns controlling interest therein, cannot rely upon insufficient recordation to upset a conveyance it has made.

In any event, it appears that the recording was accomplished at the request of the grantee church, through its agents. The fact that Pickrell and McGarry were also employees of plaintiff corporation at the time of the recording does not defeat their right to record as officers of the grantee. Furthermore, evidence adduced at trial tends to support the conclusion that Pickrell and McGarry had authority to record the deed, even on behalf of the grantor.

Finally, a deed will be set aside because of fraud only when all of the elements of fraud are shown by clear and decisive proof.[7] Included in the trial court's findings in the instant case are the following:

6. The Court finds that good and adequate consideration passed for the conveyance of said property, and that said Deed indicates on its face the consideration of "Ten and no/100 Dollars."

7. The Court finds that the Grantor named in said Deed, to-wit, Bekins Bar V Ranch, by and through Floyd R. Bekins, President, had authority to execute said deed.

8. The preparation and subsequent execution and delivery of the Deed was done at arms length and in good faith by the parties involved.

Not only is there an absence of clear and decisive proof to the contrary, but there is substantial evidence in the record which supports the validity of the deed in question in every respect: preparation, execution, delivery and recording.

Affirmed. Costs to defendants.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

---

5.  *Collier v. Frerichs*, Utah, 626 P.2d 476 (1981); *Battistone v. American Land and Development Co.*, Utah, 607 P.2d 837 (1980); *Heath v. Mower*, Utah, 597 P.2d 855 (1979).

6.  U.C.A., 1953, 57–1–6.

7.  *Adamson v. Brockbank*, 112 Utah 52, 185 P.2d 264 (1947); see also, *Controlled Receivables, Inc. v. Harman*, 17 Utah 2d 420, 413 P.2d 807 (1966).