**Delbert KRESSER and Edward Kresser, Plaintiffs and Appellants,**

v.

**Vaughn PETERSON and Glade Arthur Peterson, Defendants and Respondents.**

**No. 19285.**

Supreme Court of Utah.

Jan. 9, 1984.

Del B. Rowe, Salt Lake City, for plaintiffs and appellants.

Lester Perry, Salt Lake City, for defendants and respondents.

PER CURIAM:

Plaintiffs asserted a one-half interest in a home under the terms of a will. The suit was dismissed upon a showing that a subsequent warranty deed executed by the testatrix took the property out of her estate. The only issue urged on appeal is that there was no valid delivery of the deed.

Facts were stipulated showing that Edward Kresser, Sr. had two sons, the plaintiffs, when he married Della Pyper, who also had two sons, the defendants. The couple owned a home jointly, with right of survivorship. When Edward Sr. died, Della executed a will which devised the property

to the four boys. Seven years later, she executed a warranty deed naming herself and *her* two sons as grantees, with right of survivorship. She recorded the deed and placed it in a safety deposit box with a local bank under a lease agreement. The agreement was signed by her and her two sons as joint tenants. "Exclusive access" to the box was reserved to the joint tenants, without specifying any single one as the only one having such access.

Defendants did not know that their mother had put the deed in the safety deposit box. Nor did they ever have a key to the box, even though the lease permitted their having access. It is conceded by the plaintiffs that no fraud or undue influence was evident, or that Della was incompetent. The only issue involved is whether an effective delivery of the deed was maintained under the authorities.

 An effective deed requires delivery,[1] actual or constructive,[2] without exclusive control or recall.[3] Recording generally presumes delivery.[4] Delivery to one cotenant or reservation of an estate connotes delivery to all cotenants, where the grantor is also the grantee.[5]

 Withal the recognized indicia of an effective delivery in this case, perhaps the most significant is the statement of Della at the time she signed the deed. Before a notary public, Della's sister and a daughter-in-law, she made it a point to state that she intended her sons to have the property. She emphasized such intention by adding that she did not intend the stepsons to have any interest in the property. Delivery was reflected by recordation of the deed and deposit by Della in the safety deposit box with written authority that any of the grantees, who also were tenants under the box rental agreement, had exclusive right of access to the box. We are satisfied

there was no error in the lower court finding a valid delivery of the deed.

Affirmed. Costs to defendants.

---

1. *Wiggill v. Cheney,* Utah, 597 P.2d 1351 (1979).

2. *Allen v. Allen,* 115 Utah 303, 204 P.2d 458 (1949).

3. 23 Am.Jur.2d, Deeds § 89.

4. *Northcrest, Inc. v. Walker Bank,* 122 Utah 268, 248 P.2d 692 (1952).

5. *Controlled Receivables, Inc. v. Harman,* 17 Utah 2d 420, 413 P.2d 807 (1966).