Lillian JULIAN, Plaintiff and Appellee,

v.

Carl PETERSEN; Leonard Petersen; Arnold Petersen; All Persons Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title Thereto; and Does 1 through 20, inclusive, Defendants and Appellants.

No. 971496–CA.

Court of Appeals of Utah.

Oct. 8, 1998.

E. Jay Sheen, Salt Lake City, for Appellants.

Stanley R. Smith, American Fork, for Appellee.

Before DAVIS, P.J., WILKINS, Associate P.J., and GREENWOOD, J.

WILKINS, Associate Presiding Judge:

Appellants challenge the trial court's order granting summary judgment to appellee (Lillian Julian). Appellants assert that (i) the alteration of the 1969 deed adding the name of Mrs. Corbridge as an additional grantee did not render the instrument void; and (ii) the alteration and recordation had the effect of conveying partial title to Mrs. Corbridge. We affirm.

## STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c); *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993). We review the facts and all reasonable inferences arising from those facts in a light most favorable to the non-moving party. *See Baldwin v. Burton*, 850 P.2d 1188, 1192 (Utah 1993). Because entitlement to summary judgment is a question of law, we accord no deference to the trial court's determination of the issues presented. *See Higgins*, 855 P.2d at 235. However, we may affirm a grant of summary judgment on any ground available to the trial court, even if it is one not relied on below. *See id.*

## BACKGROUND

This is an action to quiet title. In the 1960s, Ms. Julian and her brother Joseph T. Corbridge, now deceased, were joint tenants of the subject property. In 1969, Ms. Julian (Grantor) validly quitclaimed her entire interest in the Property to Mr. Corbridge (Grantee). Sometime between 1969 and September 1980, the date the deed was recorded, the name of LaRetta H. Corbridge, Mr. Corbridge's wife, was added as an additional grantee in handwriting to the deed by some-

one other than Ms. Julian. This alteration was done without Ms. Julian's knowledge or consent. Mrs. Corbridge died in 1988.

In September of 1995, Mr. Corbridge executed and recorded an affidavit (the Affidavit) declaring that Mrs. Corbridge was the same person named as grantee in the deed recorded in 1980. At the same time, Mr. Corbridge executed and recorded a quitclaim deed to Ms. Julian and himself, as joint tenants. Mr. Corbridge died shortly thereafter.

Appellants are the natural children of Mrs. Corbridge from a prior marriage. They claim an intestate interest in the Property allegedly granted to Mrs. Corbridge.

Ms. Julian brought an action to quiet title. Subsequently, Ms. Julian filed a motion for summary judgment. The trial court granted the motion. This appeal followed.

## ANALYSIS

Appellants do not contest the trial court's factual findings. Rather, they contest the trial court's legal conclusion that alteration of the 1969 deed rendered it void as a matter of law.

Appellants assert two arguments. First, appellants maintain that because title vested in the original grantee, Mr. Corbridge, he could validly convey his interest, or a part thereof, to whomever he chose without the consent of the original grantor, Ms. Julian. Second, appellants argue that the subsequent alteration, combined with the Affidavit, served as a valid conveyance from Mr. Corbridge to Mrs. Corbridge.

### A. The 1969 Deed

■ Appellants' first argument has merit. A distinction exists between alterations on instruments which are "executory" (alteration of an undelivered deed) and those which are "complete" (alteration after delivery). *See* 4 Am.Jur.2d *Alteration of Instruments* § 31 (1983). The alteration of an undelivered deed renders the conveyance void. *See id.* (citing *Mosley v. Magnolia Petroleum*, 45 N.M. 230, 114 P.2d 740, 755 (N.M. 1941)). By contrast, alteration of an instrument after title has vested in the grantee

does not invalidate the instrument insofar as it operates as a conveyance, and therefore does not in any way affect the title of such grantee to the property so conveyed.... [A]n estate ... is not destroyed by the unauthorized material alteration ... by the holder of [the instrument].... *Such alteration does not divest the original grantee of the title, or revest such title in the grantor....*

*Id.* at § 31 (emphasis added); *see Donovan v. Kirchner,* 100 Md.App. 409, 641 A.2d 961, 967 n. 3 (Md.Spec.App.1994) (stating material alteration of a deed after delivery is a nullity and does not affect the operation of the deed as originally delivered); *see also Burgess v. Blake,* 128 Ala. 105, 28 So. 963, 963–64 (Ala. 1900) (holding that so far as it operates as a conveyance, a deed is not avoided by alteration); *Carr v. Frye,* 225 Mass. 531, 114 N.E. 745, 745 (Mass.1917) (providing that erasure of grantee's name and insertion of wife's name did not divest the original grantee of the estate or transfer it to his wife).

Here, Ms. Julian conveyed her entire title and interest to Mr. Corbridge with the delivery of the executed deed. *See* Utah Code Ann. § 57–1–13 (1994). Thus, Mr. Corbridge had a *vested* interest in the Property before the deed was altered and the alteration did not divest Mr. Corbridge, the original grantee, of the title granted to him in the original deed.

■ The trial court's reliance on *Burnham v. Eschler,* 116 Utah 61, 208 P.2d 96 (Utah 1949), is misplaced. In *Burnham,* the court stated that "if the name of a grantee is inserted by a party who never legally obtained possession of the instrument nor obtained authority from the grantor to complete the instrument[,] no deed comes into existence." *Id.* at 97. The case before us is different. Here, Mr. Corbridge had both legal possession of the deed and vested title in the Property. The deed's later alteration did not affect the conveyance from Ms. Julian. As such, the trial court erred in declaring the 1969 deed void and in divesting Mr. Corbridge of title to the Property.

## B. The Addition of Mrs. Corbridge

We now address whether the deed's subsequent alteration, with or without the recorded Affidavit, validly conveyed a partial interest in the Property from Mr. Corbridge to Mrs. Corbridge.

Appellants raise three alternative arguments. First, they assert that the alteration automatically vested title in Mrs. Corbridge. Second, they claim that the combination of the alteration and the recorded Affidavit transferred a one-half interest to Mrs. Corbridge. Third, they maintain that the recorded 1995 Affidavit alone conveyed title to Mrs. Corbridge.

### 1. Alteration

Appellants contend that Utah law does not require Mr. Corbridge to create a new deed to add his wife as an additional owner of the Property. Specifically, they claim that the alteration of the quitclaim deed automatically vested partial title in Mrs. Corbridge. However, they cite no legal authority for this proposition.

■ It is axiomatic that a grantee may not revest title in another without complying with conveyancing laws. *See Moelle v. Sherwood,* 148 U.S. 21, 27, 13 S.Ct. 426, 428, 37 L.Ed. 350 (1893); 4 Am.Jur.2d *Alteration of Instruments* § 31 n. 10 (1983)("It is well settled that changing the name of the grantee in a deed after delivery does not divest the original grantee of his title *so as ... to [automatically] invest it in the new grantee. ...*") (emphasis added) (citing *Carr v. Frye,* 225 Mass. 531, 114 N.E. 745 (Mass.1917)). "[W]hen title has vested in the grantee by the delivery of the deed [,] he cannot divest himself of the title and ... re-vest it ... by an alteration ... of the deed. 'When a person has become the legal owner of real estate he cannot transfer it or part with title, except in some of the forms prescribed by law.' " *Standard Trust & Sav. Bank v. Fernow,* 317 Ill. 325, 148 N.E. 37, 40 (Ill.1925) (stating if original grantee procures alteration after delivery to original grantee, the deed, if again delivered, is valid) (citation omitted); *accord* Utah Code Ann. §§ 57–1–13 (1994) & 25–5–1 (1995); *Smigliani v. Smigliani,* 358 Mass.

84, 260 N.E.2d 917, 921 (Mass.1970); *Carr,* 114 N.E. at 745.

■ We are aware of no authority supporting appellants' contention, and hold that the post-delivery alteration of a deed by the grantee without the knowledge and agreement of the grantor results in no enforceable change in the conveyance. As such, the alteration of the deed did not automatically convey title from Mr. Corbridge to Mrs. Corbridge.

### 2. Alteration Combined with Affidavit

In Utah, a quitclaim deed has the effect of a conveyance only when "executed as required by law." Utah Code Ann. § 57–1–13 (1994). This has been interpreted to mean that a deed must be in writing, *see* Utah Code Ann. § 25-5-1 (1995); signed by the creator, *see id.;* 26 C.J.S. *Deeds* § 34 (1956); supported by consideration, *see Cereghino v. Einberg,* 4 Utah 514, 11 P. 568 (Utah 1886); and delivered to the grantee. *See Wiggill v. Cheney,* 597 P.2d 1351, 1351 (Utah 1979) (providing delivery met if deed passes beyond domain of grantor and grantor parts with possession or right to retain it). Recordation is not a prerequisite to a deed's validity. *See* Utah Code. Ann. § 57–3–102 (Supp. 1998) (citing *Crowther v. Mower,* 876 P.2d 876, 878–79 (Utah Ct.App.1994)).

Regarding conveyancing, the Utah Supreme Court has stated:

> [C]ourts will carry out the grantor's intention whenever this is possible ... *but without any evidence of delivery, it can be of no importance whatever what the intentions of the grantor* ... were. One may have an intention to convey his property to another, but unless the deed is delivered to the grantee ... title cannot pass, and the undelivered deed is a nullity.

*Wiggill,* 597 P.2d at 1352 n. 5 (emphasis added)(quoting *Singleton v. Kelly,* 61 Utah 277, 212 P. 63, 66 (Utah 1922)).

■ Assuming that Mr. Corbridge intended to convey an interest in the Property to Mrs. Corbridge, his intent was frustrated by his failure to comply with Utah conveyancing requirements. First, Mr. Corbridge, the party intending to make the conveyance of the interest, never signed the altered instrument. Second, there is no evidence that Mr. Corbridge delivered the deed to Mrs. Corbridge. Without delivery, the intentions of Mr. Corbridge, as evidenced by the Affidavit, are irrelevant. The addition of the Affidavit, executed after Mrs. Corbridge's death when delivery of the instrument was legally impossible, does not cure these defects. Therefore, we hold that the combination of the Affidavit and altered deed did not validly convey title to Mrs. Corbridge.

### 3. Recorded Affidavit

Finally, appellants maintain that the subsequently recorded Affidavit alone, which referred to the altered deed, validly conveyed title to Mrs. Corbridge. Again, we disagree.

■ It is well-settled that an attempted conveyance of land to a nonexisting entity is void. *See Sharp v. Riekhof,* 747 P.2d 1044, 1046 (Utah 1987) (citations omitted). A deed naming a deceased person' or his or her estate as a grantee is void because neither the estate nor the decedent is a legal entity. *See id.* Because Mrs. Corbridge died in 1988, the attempted conveyance to her by affidavit in 1995 is invalid. *See* Utah Code Ann. § 57–1–13 (1994) (providing quitclaim deed operates to convey estate of grantor at the date of such conveyance); 26 C.J.S. *Deeds* § 10(2) (1956) (stating that deed takes effect at delivery and execution or not at all). Consequently, we hold that the subsequent recordation of the Affidavit was an ineffective conveyance to Mrs. Corbridge.

### CONCLUSION

While appellants have shown that the trial court erred in declaring the 1969 deed void and divesting Mr. Corbridge of his title, appellants fail to prove that Mr. Corbridge validly conveyed a partial interest to Mrs. Corbridge. The alteration of the 1969 deed did not automatically vest title in Mrs. Corbridge; Mr. Corbridge did not comply with Utah conveyancing requirements; and, the

recorded Affidavit alone fails to convey title. As such, the subsequent conveyance from Mr. Corbridge to himself and Ms. Julian, as joint tenants with the right of survivorship, vested full title in Ms. Julian upon Mr. Corbridge's death.

We therefore affirm the trial court's grant of summary judgment, although the grounds on which we do so were not relied upon below. *See Higgins,* 855 P.2d at 235.

DAVIS, P.J., and GREENWOOD, J., concur.